LOTTINGER, Judge.
This is a vehicular accident case involving an automobile and an international farm tractor. The defendants-appellants appeal suspensively and devolutively from the judgment of the Lower Court against them.
Terrance J. Maurer was operating a motor vehicle owned by Gayle Breaux pro *881 ceeding north on Louisiana Highway No. 1, on November 8, 1970. The vehicle was occupied by Mr. Maurer’s wife, Ann Breaux Maurer. An accident occurred at the intersection of Louisiana Highway No. 1 and Bertrand Street in Bertrandville, Louisiana when the tractor driven by Theodore Bird attempted to turn left into Bertrand Street and collided with the vehicle operated by Terrance J. Maurer, which vehicle was passing the tractor.
Terrance J. Maurer, Ann Breaux Maurer, and Gayle Breaux filed suit in the Parish of Assumption naming as defendants, Octave Caballero and Nolan Guillot, doing business as Caballero and Guillot, Farm Bureau Insurance Company, and Theodore Bird, and alleging personal injuries and property damages suffered by Terrance J. Maurer; personal injuries suffered by Ann Breaux Maurer; and property damage suffered by Gayle Breaux. The petitioners alleged that the accident occurred as a result of the negligence of Theodore Bird and in essence contributed all acts of negligence to his making a left turn at a time when it was unsafe to do so. The petitioners further alleged that Bird was an agent of Caballero and Guillot and that Caballero and Guillot were insured by Farm Bureau Insurance Company.
In the answer filed by defendants, the allegations of plaintiff’s petition were denied. Thereafter, it was specifically admitted that Theodore Bird was operating the tractor on Louisiana Highway No. 1 on the date and at the time complained of and it was plead that Terrance J. Maurer attempted to pass at an intersection and at a location where passing was prohibited by yellow no passing lines and that the accident was caused solely and only through his negligence. Alternatively, defendants plead that Maurer was guilty of contributory negligence.
Trial was held on April 18, 1972, at which time plaintiffs presented their case by calling the investigating officer, Charles Landry; the plaintiffs, Terrance Maurer, Gayle Breaux and Arm Maurer; Mr. Dai-gle, a repairman; Mr. Charles Breaux, father of Mrs. Maurer and Gayle Breaux; and Dr. Nelson Cox, who treated Mrs. Maurer. Plaintiff then rested without calling Mr. Bird, Mr. Caballero, or Mr. Guillot. Defendant rested without calling any witnesses. After trial memorandums were submitted, judgment was rendered in favor of plaintiff, Terrance J. Maurer, and against all named defendants in the amount of $200.00; in favor of Ann Breaux Maurer, and against all defendants in the amount of $3,000.00; and in favor of Gayle Breaux and against all defendants in the amount of $1,025.00.
Appellant believes the trial court erred in three respects, namely:
1. In the quantum it awarded each plaintiff,
2. In determining that Terrance J. Maurer was free from negligence, and
3. In finding the plaintiffs had proved all the necessary and essential elements of their case.
More specifically, in connection with the third item mentioned above we quote from appellant’s brief:
“The plaintiffs failed to prove the allegations of their petitioner and specifically, essential elements of their case. The Plaintiffs offered absolutely no proof that Theodore Bird was the operator of the tractor which was involved in the collision. They failed to prove that the tractor was owned by defendants, Caballero and Guillot, and they failed to prove that Theodore Bird was an employee or agent of Caballero and Guillot acting within the course and scope of his employment at the time of the incident complained of.”
Henceforth, we will confine ourselves to this latter assignment of error. Appellees’ brief replies to this third assignment of error as follows:
“It is imperative to state at the outset that immediately prior to the trial of this *882 cause an informal pre-trial conference was held in Judge Menuet’s chambers by the trial attorneys. At that informal pre-trial conference, the plaintiffs’ attorney, Bernard L. Knoblock, who was subsequently elected as a District Court Judge for the Seventeenth Judicial District Court, and the defendants’ attorney agreed that all the issues could be isolated into three basic points :
(1) Was the negligence of Theodore Bird, the driver of the tractor-trailer, the proximate cause of the accident?
(2) Was the plaintiff contributorily negligent ?
(3) If the plaintiff was not contribu-torily negligent, then what would be the proper award for damages and personal injury claims?
This pre-trial conference not only isolated these particular issues but the parties agreed to certain stipulations at the pretrial which later manifested themselves at the trial. The bill for wrecker services (TR 28) and the plaintiff’s medical bills (TR 82) were agreed to at the same time the issues stated above were isolated by agreement of counsel. The plaintiffs’ attorney consequently did not see the necessity of introducing direct testimony concerning the driver of the tractor-trailer nor did he see the necessity of introducing direct testimony concerning the owners of the tractor-trailer.”
The attorney for defendants-appellants admitted in oral argument before this court that he did participate in an informal pretrial conference with the attorney for the plaintiffs and with the Trial Judge but that he does not remember the action taken at the conference.
The last paragraph of C.C.P. Art. 1551, which article deals entirely with pre-trial conference, reads as follows:
“The court shall render an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. Such order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.” (Emphasis added.)
In light of the foregoing quotation of the law, we find that it was entirely reasonable for Mr. Knoblock, attorney for plaintiffs who we believe to be an experienced trial attorney of the Lafourche Parish Bar, to assume that the trial judge would at some point prior to the completion of the case render an order setting forth the agreements and stipulations of the parties as he was required to do by the last paragraph of C.C.P. Art. 1551 quoted above.
In view of the fact that appellate courts have the right to “render any judgment which is just, legal, and proper upon the record on appeal.” as provided by C.C.P. Art. 2164 and in further view of the absence of an order rendered by the Trial Judge concerning the action taken at the conference as is required by C.C.P. Art. 1551, and in further view of the facts as hereinabove recited, we are of the opinion that the right, proper and most equitable thing to do in this matter is to remand this case to the Lower Court for the purpose of a new trial and permit all the parties involved herein the right to introduce any and all evidence that they may have concerning said case.
Therefore, the judgment appealed from is hereby reversed and the case is hereby remanded to the Lower Court for the purpose of a new trial in accordance with the above instructions and that the cost of this appeal be determined at the final disposition of the case.
Judgment reversed and case remanded.