298 So.2d 333 (1974)
Tanis Joseph MANUEL, Plaintiff and Appellant,
v.
Dorothy Dianne BRODERSON, Defendant and Appellee.
No. 4616.
Court of Appeal of Louisiana, Third Circuit.
July 26, 1974.
Rehearing Denied August 21, 1974.
*334 Pucheu & Pucheu, by Jacque B. Pucheu, Sr., Eunice, for plaintiff-appellant.
J. Michael Morrow, Eunice, for defendant-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
CULPEPPER, Judge.
The plaintiff-husband filed this suit for divorce on the grounds that the defendant-wife had obtained a judgment of separation, and that more than one year and sixty days had passed without a reconciliation and without her instituting suit for divorce. In his petition, plaintiff agreed to continue paying $87.50 per month for the support of their 8-year-old daughter, this amount having been fixed by consent in the judgment of separation.
The defendant-wife answered, admitting the grounds for divorce. She also filed a reconventional demand, seeking alimony after divorce for herself and an increase in the child support. The district judge granted the divorce and increased the child support to $200 per month. There was no award of alimony for the wife. The plaintiff-husband appealed that portion of the judgment which increases the child support.
The issues are: (1) Since the husband failed to file an answer to the wife's reconventional demand for an increase in child support, was the issue before the court? (2) If the amount of child support was at issue, did the court err in granting the increase?
In her reconventional demand, the defendant-wife alleges that after the judgment of separation the expenses for her own maintenance, as well as the expenses for the minor child, increased substantially. She attached to her petition in reconvention a statement of her income and expenses. This statement shows her income consists of a gross salary of $360 per month, as an employee of a bank, plus the sum of $87.50 per month child support, which she was receiving from the plaintiff. The statement shows her separate expenses for food, lodging, utilities, automobile, clothing, etc. total $478.49. The statement also lists separate expenses for the child for clothing, education, medical, etc., totaling $85.90 per month.
In her reconventional demand, the defendant-wife also alleges that the income of the plaintiff-husband had substantially increased since the judgment of separation. She prayed for permanent alimony for herself and an increase in the support for the minor child.
The husband did not file an answer to the wife's reconventional demand, as required by LSA-C.C.P. Article 1035. In *335 their briefs filed in this Court, counsel for both parties state they were unaware of this deficiency in the pleadings, and apparently the trial judge was also. Without objection, the case was tried on the merits of both the husband's petition for divorce and the wife's reconventional demand for alimony and an increase in child support. Evidence was introduced without objection to show the expenses of the wife for her own maintenance, the expenses for support of the child, the income of the wife and the means and income of the husband.
Jurisprudence has established the rule that the failure to join issue, by filing an answer or entering a preliminary default, is waived, where the parties go to trial on the merits without objection, Ducote v. Ducote, 183 La. 886, 165 So. 133 (1936); Reynolds v. Reynolds, 228 So.2d 182 (La.App. 3rd Cir. 1969); and Gossett v. Nealy, 230 So.2d 671 (La.App. 3rd Cir. 1970). Under these authorities, the reconventional demand in the present case was at issue before the court.
The next question is whether the trial court erred in increasing the child support to $200 per month. The husband relies first on the rule that a wife, demanding an increase in child support previously awarded, must prove a change in either the needs of the child or the income of the father, and that this applies even though the initial support decree was by consent of the parties, Bernhardt v. Bernhardt, La., 283 So. 2d 226 (1973).
The Bernhardt case is distinguished. It involved a situation where the prior award of alimony and child support was in a judgment of divorce, and the defendant-husband later sought by rule to terminate or reduce those awards. In the present case, the prior award of child support was in a judgment of separation from bed and board. Our jurisprudence is established that a judgment of divorce terminates awards for child support and alimony pendente lite made in a prior judgment of separation from bed and board, Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (1956); White v. Morris, 236 La. 767, 109 So.2d 87 (1959); Worley v. Worley, 247 So.2d 254 (La.App. 3rd Cir. 1971); and Fellows v. Fellows, 267 So.2d 572 (La.App. 3rd Cir. 1972). Since the child support in the judgment of separation in the present case terminated with the judgment of divorce, it is immaterial whether there was any change of circumstances. In the divorce proceedings, the plaintiff wife is seeking a new award for child support after divorce, not an increase in the previous award. It is not necessary for her to show any change in circumstances.
The defendant-husband argues next that under LSA-C.C. Article 227 both mothers and fathers owe an obligation of supporting, maintaining and educating their children. Defendant says the district judge did not follow this rule, but, instead, required the father to pay for all of the needs of the child and relieved the mother of any such duty.
In his written reasons, the district judge states:
"If we take the husband's figure of his income from his exhibit, Husband-1, of some $8400.00 per year, allocate the wife's salary for her support at $3720.00 per year, and subtract this from the $8400.00, the amount the husband earns, so that he will have an amount allocated to him equal to the amount allocated to the wife; the husband then has $4680.00 more income than the wife. If we allocate one-half of this to the support of the child and the other half for debt liquidation, it would seem equitable at the moment to grant the wife nothing, because nothing is available, and grant the child $200 per month. The $200.00 per month is less than $7.00 per day that the husband contributes to the support of the child. The Court feels that the need is in excess of this, but that is about all the husband can afford to pay at the present time. If the husband argues that the *336 wife should also contribute to the support of the child, the Court points out that it has allocated to the husband as much money for his support as it allocated to the wife, plus $200.00 a month. According to the husband's figures, if he pays $200.00 a month as support for the child, he will be left with $525.00 for his living expenses and any debt liquidation he may have to pay."
Where both parents are gainfully employed, the proper procedure is to first determine the needs of the child and then apportion that amount between the father and the mother in proportion to their ability to pay, Price v. Price, 272 So.2d 392 (La.App. 1st Cir. 1972), and the authorities cited therein. In the present case, the trial judge did not follow this procedure.
The only evidence in the record to show the needs of the child is the statement attached to the wife's reconventional demand, which statement shows the needs of the child to be $85.90 per month. The mother's take-home pay is $310 per month, and the father's is $725 per month. On this basis, the mother should contribute about 30% and the father about 70% of the $85.90 per month which is proved to be needed to support the child. But the father has agreed in his petition to pay $87.50 per month. We will award this amount.
For the reasons assigned, the judgment of divorce is amended so as to reduce the amount of child support which the father is ordered to pay from the sum of $200 per month to the sum of $87.50 per month. Otherwise, the judgment appealed is affirmed.
Affirmed, as amended.
HOOD, J., dissents and assigns written reasons.
HOOD, Judge (dissenting).
I cannot agree with my colleagues that the award made by the trial court for child support should be reduced.
The evidence shows that the plaintiff-husband is regularly employed as a welder, and that his net take home pay is $725.00 per month. He owns two automobiles, one of which is a sports car. He has $2,000.00 in a savings account in the bank, and he has an undisclosed amount in his checking account. He owes no debts.
The defendant-wife is also regularly employed, but her net take home pay is only $310.00 per month. She of course, has custody of the child, and the living expenses of her and her child are substantially more than the living expenses of the husband alone. After the separation, it was necessary for the wife to buy an automobile, a house trailer and some furniture. She owes $9,500.00 for the car and the trailer, and that indebtedness is secured by mortgages on those items. She has been unable to make payments on the automobile indebtedness up to this time, but she pays $55.00 per month on the debt due for the house trailer where she and her child live, and $20.00 per month for rental of a space for the trailer. She has no savings account, and she had only $126.00 in her checking account at the time of the trial. She testified that she needs her automobile to go to and from her work, and that "I have to bring my little girl back and fourth to school every morning and go pick her up."
The defendant-wife testified that living expenses for her and her child amounted to $584.39 per month. The trial court found that the wife needed financial assistance from her husband in excess of $200.00 per month, but that that was all that the husband could afford to pay. The court said: "The court feels that the need is in excess of this, but that is about all the husband can afford to pay at the present time."
My colleagues have found that "The only evidence in the record to show the needs of the child is the statement attached to the wife's reconventional demand, which statement shows the needs of the child to be $85.90 per month." I respectfully, but *337 very strongly, disagree with that finding by the majority. The statement to which they refer is one which was attached to the wife's reconventional demand for alimony and child support. In that statement she listed her expenses under two separate headings, one being "Separate Debts" and the other "Minor Child's Expenses." Under the heading "Separate Debts" she listed monthly expenses aggregating $498.49, including $180.00 for food, $20.00 for trailer rental space, $55.00 for payments on mortgage indebtedness for automobile and trailer, $59.00 for utilities, $56.00 for automobile expenses, and $4.00 for dental bills. All of the expenses just listed obviously were for her and her child. Under the heading "Minor Child's Expenses," she listed a few minor items amounting to $85.90 which pertained to the child alone. They included clothing, grooming, school books, tuition, school activities, personal allowance, etc. The only expense item relating to "food" under that heading was one for school lunches at $3.00 per month. Nothing was listed under that heading for shelter for the child, for utilities, or for dental bills. And no automobile expense was listed as a part of the child's expenses, although the wife testified that she had to drive her car to take her child to and from school every day.
The wife alleged in her reconventional demand that the payments of $87.50 which her husband had been making for support of the child were "grossly inadequate," and she attached the above mentioned statement to that pleading to support that allegation. It is inconsistent, I think, for the majority to hold that the statement attached to that reconventional demand conclusively shows that the sum total of all expenses incurred by the wife for the support of the child, including food, shelter, transportation and dental bills, amount to only $85.90 per month. The statement itself, as well as the additional evidence in the record, shows otherwise.
There is no question as to the ability of the husband to pay. I think he has exaggerated his own living expenses by including as monthly expenses such items as gasoline $100.00, auto maintenance $30.00, spending money $100.00, miscellaneous $25.00, work clothes $30.00, and dress clothes $30.00. He also includes $40.00 per month as his expenses for cleaning and ironing, although he concedes that his mother does that for him.
In interpret the written reasons assigned by the trial judge to be that the wife needs alimony and support in excess of $200.00 per month, but that he limited the award to that amount because of the husband's ability to pay. Although he designated it as support for the child, it is obvious that he intended for it to provide the defendant-wife with the things which she needs to support herself and her child.
The trial judge was in a better position to determine the needs of the wife and child than we are, and I think my colleagues are making a serious mistake in reducing the award made by the trier of the facts.
For these reasons, I respectfully dissent.