307 So.2d 779 (1975)
Wyeanette Marie FALL, Plaintiff-Appellant,
v.
Lester J. FONTENOT, Defendant-Appellee.
No. 4864.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1975.
*780 Pucheu & Pucheu, by Jacque B. Pucheu, Eunice, for plaintiff-appellant.
Dischler, Tate & McManus, by Vernon C. McManus, Eunice, for defendant-appellee.
Before, HOOD, MILLER and WATSON, JJ.
WATSON, Judge.
This case presents squarely the question of whether the trial court may order a former wife to work rather than to award her alimony following divorce. A number of subsidiary issues are also presented under a factual framing which is as follows:
On March 13, 1974, Wyeanette Marie Fall obtained a judgment of final divorce against the defendant, Lester J. Fontenot, and he was ordered to pay the sum of $200 *781 per month support for the two minor children whose custody was assigned to plaintiff.
On August 6, 1974, plaintiff filed a motion asking that defendant be ruled into court to show cause why he should not be ordered to pay an increased amount of child support and in addition alimony to her. Plaintiff claimed alimony because she had obtained the judgment of separation on the ground of abandonment. The question of fault was not re-litigated at the time of the divorce. See Fulmer v. Fulmer, 301 So.2d 622 (La., 1974). Following a hearing at which the parties presented evidence concerning their respective needs, the needs of the children and the defendant's earnings, the trial court found the needs of the wife and the two children to be $200 per month each. However, the trial court held that plaintiff ". . . can and should earn her $260 per month, as she, like her husband is fully capable of working. . . ." Therefore, the trial court rejected plaintiff's claim for alimony but awarded child support of $155.20 per month each. Plaintiff has appealed.
The trial court calculated the amount of child support by finding that defendant is earning about $900 gross per month and then applied the ratio of the recent decision in Manuel v. Broderson, 298 So.2d 333 (La.App. 3 Cir. 1974) to reduce the award to $155.20.
Regardless of the language used in the Manuel case, it should be borne in mind that calculation of child support by a mathematical formula is impossible and that all of the varying facts and circumstances of each individual case must be taken into consideration in fixing the amounts awarded. One of many considerations which makes the application of a mathematical formula impossible is that pointed up by the dissent in Manuel which emphasized the joint expenses of a mother with custody of a child for such things as food and shelter. It is almost never possible to determine precisely how much of this expense is attributable to the mother and how much to the child or children. Certainly, when the mother provides housing, cooks food, washes clothing, and does the many other day to day services for a child, this to some extent satisfies the mutual obligation of supporting children contemplated by LSA-C.C. art. 227, perhaps over-emphasized by Manuel v. Broderson, supra.
After reviewing the record, we have concluded that the trial court erred in failing to award alimony after divorce to the former wife in the present case. We know of no authority and we have been cited to none which would require a mother who has two relatively young children (ages 9 and 5) to work. Accordingly, we are going to fix an amount of permanent alimony in keeping with the needs of the former wife and the ability of the former husband to pay.
The trial court found that each of the three persons to be supported, the mother and the two children, needed $200 per month. Unfortunately, in this type of case, it is seldom possible to allow the entire amount needed because of the inability of the former husband and father to pay.
Mr. Fontenot has a considerable fluctuation in the amount of his gross wages according to his earnings' statement included in the record. His monthly earnings during 1974 were as follows:

January $1,044.00
February $1,006.00
March $ 483.50
April $ 46.25
May $2,410.00
June $2,852.00
July $2,946.25
August (first pay period) $ 541.88

The considerable increase during May, June and July was attributed to the fact that he had performed the work of some *782 other person during that period and, apparently, received additional pay. The very small amount earned in April was not satisfactorily explained.
When averaged, Mr. Fontenot's monthly wage during the first seven months disregarding the pay received in August of 1974 was $1,541.14. The trial judge concluded that he was earning about $900 per month, being of the opinion that the months of May, June and July were not truly representative of his income. Counsel for the former wife has pointed out that Mr. Fontenot receives a large refund on his income tax because he does not claim all of his deductions for withholding purposes.
All circumstances considered, it appears to us that Mr. Fontenot has a gross monthly wage of about $1,000 to $1,200 but we note that it is subject to fluctuation. Also significant is the fact that his living expenses are considerably reduced while offshore, thus improving his ability to pay.
We think that a reasonable allowance for permanent alimony would be the sum of $100 per month. We have examined the amount allowed per child by the trial court and we find that while there was no proper reason to reduce the amount of child support on the basis of the mother's obligation to contribute as the trial court did, nevertheless, the final amount awarded of $155.20 per month per child is fair and reasonable under the circumstances and we will affirm that amount.
Therefore, it is ordered, adjudged and decreed that Lester J. Fontenot be and he is hereby ordered to pay to Wyeanette Marie Fall as permanent alimony the sum of ONE HUNDRED AND NO/100 ($100.00) DOLLARS per month beginning September 1, 1974 and the judgment of the trial court in these proceedings is otherwise affirmed.
Costs of the appeal are taxed against Lester J. Fontenot.
Amended and affirmed.