316 So.2d 453 (1975)
Judy Areno MORRISON, Plaintiff-Appellant,
v.
Levi Burril MORRISON, Defendant-Appellee.
No. 5012.
Court of Appeal of Louisiana, Third Circuit.
July 3, 1975.
Rehearing Denied August 28, 1975.
*455 William L. McLeod, Jr., Lake Charles, for plaintiff-appellant.
Hunt, Godwin, Painter & Roddy by Fred R. Godwin, Lake Charles, for defendant-appellee.
Before FRUGE, HOOD and CULPEPPER, JJ.
FRUGE, Judge.
Appellant, Judy Areno Morrison, filed suit against her husband, Levi Burril Morrison, for separation from bed and board based on his alleged abandonment of her. The appellee reconvened asking for separation based on the appellant's alleged abandonment, and judgment was rendered in favor of the appellee on his reconventional demand. Later the appellee filed suit for divorce based on the allegation that the appellant had committed adultery on several occasions. Judgment was rendered in favor of the appellee granting him a divorce, and it is this judgment from which this appeal has been perfected. We affirm the trial judge's decision.
On April 11, 1973, the appellant filed suit against the appellee for separation from bed and board. She alleged abandonment on the part of the appellee as the basis for her suit. She further alleged that both the children born of the marriage, Richard Burril Morrison and Brian Kelly Morrison, were at the time under her care and control and that she desired the temporary custody of these children, reserving to the appellee reasonable visitation rights. She further asked for child support payments in an amount totaling $250.00 per month and alimony pendente lite in an amount of $125.00 per month. An answer and reconventional demand were filed by the appellee denying the allegations of the appellant's petition and asserting the appellee's right to a separation based on his wife's abandonment of him. He asked that he be granted custody of the two minor children. Following the taking of evidence in the matter, judgment was rendered on May 11, 1973 in favor of the appellee and against the appellant granting a separation from bed and board. Permanent custody of the two minor children was granted to the appellant subject to the appellee's right of reasonable visitation. An award for child support payments in the amount of $150.00 per month was also made. The appellant's suit for separation was dismissed with prejudice.
On July 27, 1973, the appellee filed suit for divorce based on the alleged adultery of his wife. He further alleged that though permanent custody of the minor children had been awarded to the wife in the judgment of separation, she had demonstrated that she was unfit to retain custody of the children and that it was detrimental for the children to remain in her custody. Therefore, he asked that custody be granted to him in the judgment of divorce.
A declinatory exception was filed by the appellant alleging that she was a domiciliary of the state of Texas and that she had the custody of the two minor children. She argued that the court had no jurisdiction over the custody of the said children. The exception was overruled by the trial court, and an answer was subsequently filed by the appellant. The answer generally denied the allegations of adultery committed on the part of the wife, and asked for an increase in child support payments in an amount totaling $300.00 per month. The answer further asked that permanent custody be maintained in the appellant.
*456 The appellee alleged acts of adultery on the part of his wife taking place on the following dates and at the following places: Between May 29 and June 1, 1972 in Lafayette, Louisiana; on September 23, 1972, at Holbrook Park in Calcasieu Parish; between February 28 and March 1, 1973, in Oklahoma City, Oklahoma; on March 17, 1973 in the OrangePort Arthur, Texas area; and between May 5 and June 3, 1973, in Grand Prairie, Texas. The trial judge reviewed the evidence submitted and found sufficient evidence of adultery on the part of the wife on her trip to Baton Rouge and Lafayette and on an overnight stay at the Holiday Inn at Orange, Texas and the Holiday Inn at Port ArthurGroves, Texas. Reaching this conclusion, the trial judge rendered judgment on June 12, 1974, in favor of the husband granting a final divorce between the parties.
The second question dealt with by the trial judge was that of custody. He pointed out that both sides had admitted that the wife had been a good mother and had been properly caring for the children. He noted that the acts of adultery committed by the wife, given the proper circumstances, could be sufficient grounds for a change of custody. However, the court found that in this instance the wife had not engaged in indiscretions to the extent that the court felt it should uproot the children and change their custody. Liberal visitation rights were granted to the husband entitling him to have weekend visits with the children every other weekend, as provided by a Texas court order.[1] He further provided that in the event the children's grandparents were in the Dallas area, and coming home to Lake Charles, that the children could be picked up and brought home for their father's weekend visit. He further provided that when the children were in Calcasieu Parish the mother was to grant the father reasonable visitation with the children.
The next issue dealt with by the court in its judgment was the amount of child support to be given. The trial judge pointed out that the evidence established that the husband made roughly $11,000 a year and that the mother made about $8,000 a year. The evidence further indicated that it took approximately $475.00 a month to care for the two children. After reviewing all of the facts surrounding the increase in the costs submitted by the wife of caring for the children, the court found that no increase in child support payments was justified except for an increase in child support for Kelly in an amount of $70.00 a month to pay for the child's private schooling until he is able to attend public school.
Applications for new trial on the part of both parties were denied by the trial judge, and the appeal by the wife followed. An answer to this appeal was filed by the husband.
The appellant alleges four specifications of error on the part of the trial court in this case. The first alleged error is that the trial court applied an erroneous standard of proof to the plaintiff, overlooking the fact that the law requires that the plaintiff establish the allegations of adultery to the extent that the evidence excludes all other reasonable conclusions but that adultery took place. The second alleged error is in the trial court's finding that it had jurisdiction to determine who should be given custody of the children. The third alleged error is the failure of the trial judge to increase child support payments. The fourth alleged error is that of increasing the visitation rights of the father.
The appellant argues that the trial judge applied an erroneous standard of proof of adultery in the present case. She argues that in any civil case the person asserting the cause of action bears the burden of proving the allegations. "Speculation, conjecture, *457 mere possibility, and even unsupported probability are not sufficient to support a judgment". Bynum v. Bynum 296 So.2d 382, at 385 (La.App. 2nd Cir. 1974). She argues that a heavier burden is placed upon the plaintiff in adultery cases, citing the following language from the Bynum case:
"The rule is well established in the jurisprudence of this State that a wife's innocence of immoral acts is presumed; that the burden is upon the husband, in charging her with immorality, to establish the adulterous relationship by either direct or circumstantial evidence; and that, if circumstantial evidence is alone relied upon, the proof must be so convincing as to exclude any other reasonable hypothesis but that of guilt." 296 So.2d at 386, quoting from Karl v. Karl, 191 So.2d 674 (La.App. 2nd Cir. 1966).
The appellant argues that the trial judge did not apply the proper standard of proof in this case and supports her argument by noting that the trial judge himself in his written reasons for judgment conceded that the evidence of adultery in this case is not overwhelming. The appellee argues that a standard of proof requiring overwhelming evidence of the commission of adultery is a far greater burden than that presently placed on the plaintiff in an adultery case by the jurisprudence. He submits that the only proof of adultery which would be overwhelming would be photographs of the parties in the act of Intercourse.
We find merit in the appellee's argument. The jurisprudence of this state is to the effect that when circumstantial evidence is used to establish adultery, a prima facie case may be made out by showing facts or circumstances that lead fairly and necessarily to the conclusion that adultery has been committed as alleged in the petition. Coston v. Coston, 196 La. 1095, 200 So. 474 (1941). The proof must be so convincing as to exclude all other reasonable hypotheses but that of guilt of adultery. Daigle v. Daigle, 222 So.2d 318 (La.App. 1st Cir. 1969).
In connection with the discussion of this issue, we note the great weight which is given to the trial judge's findings of fact in Louisiana. The language found in the opinion of Justice Tate in Canter v. Koehring Co., et al., 283 So.2d 716 (La. 1973) is pertinent at this point:
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts." 283 So.2d at 724.
Applying Canter to the present case we must give great weight to the factual conclusions of the trial judge as to the commission of adultery. There was a conflict in the testimony in this case. Furthermore, we find that the evaluations of credibility and the inferences of fact on the part of the trial judge were entirely reasonable. Finding no manifest error on the part of the trial judge, we affirm his finding that adultery was committed by the appellant on the Baton RougeLafayette trip and also at the Holiday Inns in Orange and Port ArthurGroves, Texas.
*458 The next issue is whether the trial court had jurisdiction to render a decision involving the custody of the two children. The appellant argues that since she was domiciled in Texas at the time the suit for divorce was filed, and the children were in her custody and therefore also domiciliaries of Texas, the trial court was without jurisdiction to render a custody decision.
The husband was domiciled in this state and the matrimonial domicile was located in Calcasieu Parish at the time that all but one of the alleged acts of adultery took place. A wife has no domicile other than that of her husband, although she may acquire a domicile separate from his if she is abandoned or if her husband's conduct justifies her in leaving. La.Civil Code articles 39 and 120; Berry v. Berry, 310 So.2d 626 (La.1975). The record in this case shows that Mrs. Morrison's husband did not abandon her, and that she was not justified in leaving the matrimonial domicile. Jurisdiction had attached for an award of custody before Mrs. Morrison moved to Texas, and it continues for a change or modification of that award in the future. Imperial v. Hardy, 302 So.2d 5 (La. 1974); Wheeler v. Wheeler, 184 La. 689, 167 So. 191 (1936), as explained in Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); Lynn v. Lynn, 316 So.2d 445, (La.App. 3rd Cir. 1975).
The next issue involves the alleged error on the part of the trial court in not increasing the child support due under the circumstances presented in this case. The evidence presented at trial indicated that the father had an annual income of $11,653.92 and that the mother had an annual income of $8,000. A list of expenses submitted by the appellant indicated expenses of $475.00 per month for the support and maintenance of the children. The appellant argues that the trial judge's decision to maintain the child support payments at $150.00 per month total is inconsistent with the ruling handed down by this court in Manuel v. Broderson, 298 So.2d 333 (La.App. 3rd Cir. 1974). In that case the two incomes of the parents were added together. A ratio was determined of the amount each spouse made to the total amount made by both. The precentage of support for the children was then divided so that the amount of support required of the father coincided with the percentage of his income to the whole of the incomes made by the father and the mother. The appellant argues that in this case the trial judge did not follow this formula, but rather looked to see whether the changes in circumstances which had occurred since the rendition of the judgment of separation were justified.
We note first that in our jurisprudence it has been established that a judgment of divorce terminates the awards for child support and alimony pendente lite made in a prior judgment of separation from bed and board. Since the child support in the judgment of separation terminates with the rendition of a judgment of divorce, it is immaterial whether there is any change of circumstances. In the divorce proceedings, the one having custody is seeking a new award for child support after the divorce, not an increase in the previous award. It is not necessary for the one having custody to show any change in circumstances. Manuel v. Broderson, supra.
The arguments presented by the appellant on this issue have been carefully considered by this court. However, there is no showing in the record that the trial judge abused the broad discretion which he has in matters of this nature. We must assume that the trial judge is cognizant of the applicable law and that he applied it in this case. Since no abuse of discretion is evident in the record we will affirm the award made by the trial judge.
The next issue involves the alleged error of the trial judge in increasing the visitation rights of the father. The trial judge affirmed and continued the visitation *459 rights granted to the husband by the order of the Texas court, which provided for the husband to have visitation rights on the second and fourth weekends of each month, from 9:00 A.M. Saturday through 3:00 P.M. Sunday. In order to ease the financial burden on the father, who would otherwise have to make the long drive to Dallas from his home in Calcasieu Parish, the court further provided that if the paternal grandparents of the two minor children were in Dallas they had authority to drive the children back to Calcasieu Parish for their weekend visits with their father. The visitation time was extended to include the time period from 4:00 P.M. Friday through 7:00 P.M. Sunday to take into account the driving time between the father's home in Louisiana and the mother's home in Texas. Also the judgment ordered the mother to allow the father reasonable visitation privileges with the children when she brought them to Calcasieu Parish. The appellant argues that the effect of this judgment is to grant the father visitation privileges on every weekend of the month.
Our reading of the judgment does not indicate that the trial judge intended the father to have the right to visit his children every weekend. Under the judgment the father is permitted to bring his children to his home from Texas every second and fourth weekend of each month. When his parents are in the Dallas area on a Friday immediately preceding one of those two weekends they are authorized to transport the children from Dallas to Calcasieu Parish. In addition, the father is to have the right to reasonable visitation with the children whenever they are brought to Calcasieu Parish by their mother. The trial judge has broad discretion in the granting of visitation privileges. Finding no abuse of this discretion in the present case we will not disturb his judgment.
The appellee has answered the appeal arguing that custody of the minor children should be granted to him rather than to the appellant. He argues that since the appellant has committed several acts of adultery she is not fit to have custody of the children.
The paramount consideration in determining to whom custody should be granted is always the welfare of the children. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971). The general rule is that it is in the best interest of the children to grant custody to the mother, and this right of the mother to custody should not be denied unless she is morally unfit or otherwise unsuited to be given custody of the children. The trial judge found that the acts of adultery committed by the wife were not sufficient to deny her custody of her children. His determination in this matter is entitled to great weight, and his discretion on the issue will not be disturbed in the absence of a clear showing of abuse thereof. Fulco v. Fulco, supra; Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960). Our review of this record has not revealed any abuse of discretion by the trial judge. The two minor children have lived with their mother since the commencement of difficulties between their parents. Both parties admit, as pointed out by the trial court, that the mother has properly cared for her children. We affirm the judgment awarding custody to the appellant.
The appellant has filed a motion to supplement evidence before this court, the object of which is to impeach the testimony of two witnesses who testified at the trial of this case. Attached to the motion are two affidavits which set out the facts which the appellant seeks to include in the evidence. We have examined those affidavits carefully and have determined that the evidence sought to be introduced would not alter the conclusions which have been reached in this case.
*460 For the reasons assigned, the judgment of the trial court is affirmed, with the costs of this appeal to be borne by the appellant.
Affirmed.
NOTES
[1] An order rendered by a Texas court gave the father the right to visit his children on the second and fourth weekends of each month, beginning Saturday morning at 9:00 and ending Sunday afternoon at 3:00.