395 So.2d 433 (1981)
Laura Landor WALKER, Plaintiff-Appellant,
v.
Eugene WALKER, Defendant-Appellee.
No. 8027.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1981.
Marcia Finkelstein, Lafayette, for plaintiff-appellant.
Eugene Walker, in pro. per.
Before CULPEPPER, GUIDRY and CUTRER, JJ.
CUTRER, Judge.
Plaintiff, Laura Landor Walker, filed a rule for contempt and to make past due child support executory. The defendant, Eugene Walker, filed no pleadings; he appeared in proper person at the hearing of the rule on June 2, 1980. At the hearing the trial court reduced the child support payments from $180.00 per month to $120.00 per month.[1] The plaintiff appeals this reduction. We reverse.
There is no testimony in the record. In her brief the plaintiff's counsel contends that the trial court's reduction in the amount of child support payments was error for the reason that there was no evidence introduced at trial to show a change in circumstances which would warrant a reduction in the child support award.
It appears from the transcript of the proceedings that the trial court had conducted a pre-trial conference with counsel for plaintiff and defendant in proper person. The court states, in part, as follows:
"... Pursuant to a pre-trial conference in this matter, the Court at this time would entertain an oral motion by Mr. Walker to reduce the child support that is being paid. And accordingly, the Court will reduce the child support payments from a hundred and eighty dollars ($180.00) a month to a hundred and twenty dollars ($120.00) per month, in keeping with his earnings which is [sic] computed to be three hundred and forty dollars ($340.00) per month, net, at this time...."
The last paragraph of LSA-C.C.P. art. 1551, which deals entirely with pre-trial conference, reads, in part, as follows:

*434 "The court shall render an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. Such order controls the subsequent course of action, unless modified at the trial to prevent manifest injustice."

This provision requires the trial court to render an order setting forth the agreements and stipulations of the parties entered into in a pre-trial conference. Maurer v. Caballero, 278 So.2d 880 (La.App. 1st Cir. 1973). In this case no pre-trial order was issued. There was no recitation of any agreements that may have been made at the pre-trial conference. While we may surmise that an agreement was reached, that justified a reduction in defendant's child support payments from $180.00 to $120.00 per month, this is not supported by the record. Without such an order of the trial court, there is no evidentiary basis in the record for the reduction of child support. It is well settled that one seeking modification of an award for child support must show a change in the circumstances of the recipients or of the person obligated to pay. Fisher v. Fisher, 320 So.2d 326 (La.App.3rd Cir.1975). Under these circumstances the trial court judgment reducing the child support payments must be reversed.
We do not find it necessary to remand. Child support payments are always subject to review and change by the appellate court. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977); LSA-C.C. art. 232. The defendant is free to file a rule to reduce the future installments of child support.
For the above reasons, the judgment of the trial court is reversed and set aside insofar as it reduces the obligation of defendant, Eugene Walker, for child support from $180.00 to $120.00 per month. In all other respects the judgment of the trial court is affirmed. Defendant-appellee is to pay all costs of this appeal.
REVERSED IN PART; AFFIRMED.
NOTES
[1] Past due child support in the amount of $2,079.00 was also made executory and the defendant was found in contempt. The defendant has not appealed, thus the propriety of these holdings is not before us.