FORET, Judge.
Ella Smith brought this rule to increase child support against Varice Smith, Jr., seeking $350.00 per month as support for their minor child, Shantell Marie Smith. The defendant had heretofore been under order of court requiring him to pay $60.00 per month, although at the time of the hearing on January 28, 1982, he was in fact paying $100.00 per month for the support of the child.
At the conclusion of the hearing, the trial judge ordered defendant to pay $250.00 per month for support of the child, and additionally ordered him to pay 50% of all medical, drug, doctor and hospital bills incurred by plaintiff on behalf of the child. From this ruling, defendant has appealed.
The issue presented herein is whether the trial judge abused his wide discretion in ordering an increase in child support and partial payment of medical expenses.
Trial courts are vested with considerable discretion in fixing the amounts which parents should contribute for the support of their children, and the judgment of the trial court in these matters will not be disturbed unless there appears to be an abuse of that discretion. Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3 Cir.1980); Bertrand v. Bertrand, 401 So.2d 552 (La.App. 3 Cir.1981).
The law is clear that absent a showing of changed circumstances, an initial award of child support should not be altered. Ducote v. Ducote, 339 So.2d 835 (La.1976). We find, however, that in this *703 ease, the circumstances have indeed changed.
The court order which defendant is presently under, ordering him to pay the sum of $60.00 per month for the support of the child in question, was rendered in October of 1978, almost four years prior to these present proceedings. At the time of the proceedings, defendant was unemployed and was collecting $67.00 per week in unemployment compensation. He is presently employed, and has been so employed for approximately two years, as an insurance salesman, earning almost $19,000.00 per year. Defendant, therefore, is in a much improved financial condition.
Additionally, since the rendition of the 1978 judgment of support, the cost of living has dramatically increased and the ordinary and special needs of the child have likewise increased.
This factor has been compounded by the extraordinary needs of the child. She is, at the present time, twelve years old, and is suffering from several serious medical problems, e.g., a heart problem which will necessitate open heart surgery; a bone disorder requiring the regular attention of a “bone specialist”; Turner’s Syndrome, which will require her to undergo hormone therapy; and, she is presently seeing a psychologist. Mrs. Smith, in her testimony, estimated that the present monthly cost for these professional services and the medication associated therewith totals approximately $175.00 per month.
Mr. William L. Menton, the supervisor of defendant, testified that Smith has insurance through the company with which he is employed that would cover a great deal of the child’s medical expenses. He further testified that should the limits of the insurance coverage ($2,000.00) be exhausted, the company with which they are employed, “picks up the tab irregardless whether it’s a million, two million, three million dollars” (tr., pg. 105), and that they would pick up 100% over the $2,000.00 limit.
Having taken all of the above facts and circumstances into consideration, the learned trial judge, in the exercise of his wide discretion, concluded that the amount of support that the defendant should contribute for the maintenance of his minor daughter should be increased. His increased earning capacity, coupled with his access to insurance benefits provided by his employer, justifies such an increase. Our review of the record discloses no error in this conclusion.
Accordingly, for the reasons assigned, the judgment appealed from is affirmed, at appellant’s costs.
AFFIRMED.