444 So.2d 800 (1984)
Neal John PLAUCHE, Jr., Plaintiff-Appellant,
v.
Erraina Vaccaro PLAUCHE, Defendant-Appellee.
No. 83-331.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
*801 Michael Kelly, Marksville, for plaintiff-appellant.
Kerry Spruill of Knoll Law Firm, Marksville, for defendant-appellee.
Before GUIDRY, CUTRER and STOKER, JJ.
GUIDRY, Judge.
The plaintiff in this suit for divorce appeals the judgment of the trial court awarding his former wife child support in the amount of $250.00 per month for the support of their minor child.
Neal John Plauche and Erraina Vaccaro Plauche were married in 1973. One child was born of the marriage, Neal John Plauche, who was eight years old at the time this matter was tried. On December 11, 1981, a judgment of separation from bed and board was signed which ordered the plaintiff, Neal John Plauche, to pay child support in the amount of $150.00 per month. On January 27, 1983, the plaintiff filed the instant suit seeking a divorce. In the petition, the plaintiff expressed his willingness to continue paying child support at the rate of $150.00 per month, plus the reasonable medical expenses incurred by the child. The defendant filed an answer and reconventional demand, wherein she sought an award of child support in the amount of $300.00 per month.
The trial court granted a judgment of divorce in favor of the plaintiff. The judgment awarded custody of the child to the defendant, and ordered the plaintiff to pay $250.00 per month in child support plus all reasonable medical expenses incurred by the child. The plaintiff contends that the trial court erred in (1) granting an increase in child support when no change of circumstances was proven by the defendant; and, (2) awarding an excessive amount in child support.
In support of his first assignment of error, the plaintiff cites the well established rule that a party seeking a change in a prior award of child support must show a change in circumstances which justifies the change. Smith v. Smith, 422 So.2d 701 (La.App. 3rd Cir.1982); Walker v. Walker, 395 So.2d 433 (La.App. 3rd Cir.1981). This rule is not applicable to the instant case. It is well settled that a judgment of divorce terminates awards for child support and alimony pendente lite made in a prior judgment of separation from bed and board. Thus, a party seeking child support in a subsequent divorce proceeding is seeking a new award of child support after divorce, not a modification of a prior award. It is not necessary to show a change of circumstances *802 in order to obtain an award higher than that awarded in the judgment of separation. Manuel v. Broderson, 298 So.2d 333 (La.App. 3rd Cir.1974); Morrison v. Morrison, 316 So.2d 453 (La.App. 3rd Cir. 1975), writ denied, 322 So.2d 772 (La.1975).
In the instant case, the judgment of divorce terminated the award of child support made in the judgment of separation from bed and board. Because the award of child support herein is a new award and not a modification of a previous award, no change in circumstances need be shown. The plaintiff's first assignment of error is therefore meritless.
The remaining issue is whether the award of $250.00 per month for the support of the minor child is excessive. The record shows that the plaintiff works as a floor hand on a drilling rig and earns a net income of $1,468.00 per month. He lists monthly expenses totalling $1,240.68. The defendant, on the other hand, works part time as a dental assistant and earns a net income of $233.00 per month. She lists the monthly expenses attributable to the child at $473.76.
The trial court is vested with considerable discretion in determining the amounts which parents should contribute in support of their children. The judgment of the trial court in this regard will not be disturbed absent a manifest abuse of discretion. Smith v. Smith, 422 So.2d 701 (La.App. 3rd Cir.1982); Bertrand v. Bertrand, 401 So.2d 552 (La.App. 3rd Cir. 1981).
The record shows that the plaintiff is clearly in a better financial position to provide for the needs of the child than is the defendant. The order of the trial court compelling him to contribute $250.00 per month for the support of his child is not an abuse of the trial judge's considerable discretion.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to plaintiff-appellant.
AFFIRMED.