STOKER, Judge.
The appellant, Willis Langley, Jr., appeals the judgment of the trial court which ordered him to pay $250 per month per child as support for his two children. We affirm the judgment of the trial court.
FACTS
Appellant and his wife obtained a judgment of separation in 1982. Mrs. Langley was awarded custody of the two minor children of the marriage. The parties agreed upon the amount of child support to be paid, and the judgment of the court ordered that appellant would pay $250 per month per child for the support of these children. In December of 1984 appellant filed a petition for divorce, requested joint custody of the children and further requested that the court fix child support in the amount of $150 per month per child. The decree awarding the divorce awarded custody to Mrs. Langley and provided for $250 per month per child as support.
ISSUES ON APPEAL
Appellant assigns as error (1) the trial court’s treatment of the matter of support as a modification of a prior award rather than as a new award, and (2) the fixing of support in the amount of $250 per month per child.
I.
Appellant argues that the trial court incorrectly considered the child support award as requiring a “change of circumstances” criteria rather than considering it as a “new award.” Appellant relies on the case of Planche v. Planche, 444 So.2d 800 (La.App. 3d Cir.1984) as support for his argument. In the Planche case the custodial spouse sought an increase in the support award which was treated as a “new award” instead of requiring a showing of a “change of circumstances.” This Court has held that the custodial parent is not required to make that showing in an action for divorce, while the non-custodial parent must show a change in circumstances in order to reduce a child support award. See Dugas v. Dugas, 374 So.2d 1278 (La.App. 3d Cir.1979); Vanier v. Vanier, 344 So.2d 1077 (La.App. 3d Cir.1977); Morrison v. Morrison, 316 So.2d 453 (La.App. 3d Cir.1975); writ denied, 322 So.2d 772 (La.1975); Manuel v. Broderson, 298 So.2d 333 (La.App. 3d Cir.1974); Planche, supra.
More recently, however, this Court in Clooney v. Clooney, 446 So.2d 981 (La.App. 3d Cir.1984) held that an initial award of child support should not be altered absent a showing of a change of circumstances. We agree that the considerations in a petition for divorce which seeks to reduce an earlier child support award should be no different from the rule to reduce support filed post-divorce.
*35 Appellant’s argument with regard to whether the proper criteria for a support award was utilized is without merit.
II.
Additionally, we do not find that appellant made a sufficient showing of his inability to pay $250 per month per child for the support of his two young children which would warrant the requested reduction. Although appellant argued for a different standard, he approached his burden of proof as requiring a showing of a change in circumstances. In this he failed. The trial court was apparently not convinced, despite any change in appellant’s circumstances, that appellant could not meet his obligation of support in the amount of $250 per month per child. After careful review of the evidence presented, we cannot say that the trial judge abused his wide discretion in awarding child support in that amount.
Accordingly, the judgment of the trial court is affirmed. The costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.