365 So.2d 4 (1978)
Bernard R. ACOSTA
v.
George R. CARY, Jr., et al.
No. 9480.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1978.
Joseph S. Russo, Jefferson, for plaintiff.
Gregory J. Laborde, Henry B. Alsobrook, Jr., Adams & Reese, New Orleans, for defendants.
Before REDMANN, BOUTALL and GARRISON, JJ.
REDMANN, Judge.
Does an employee have a right to privacy which obliges a physician, evaluating a back injury for the employee's present employer, not to give the employer a copy of the physician's evaluation of earlier injury to the employee for a prior employer? We answer no, but only if the earlier evaluation is relevant to the latter claim, and for lack of a showing that this earlier evaluation was, we set aside a summary judgment dismissing the employee's action for damages against the physician.
The question is one of privacy rather than patient-physician privilege because plaintiff was never a patient of defendant and therefore the privilege does not attach; State v. Berry, La.1975, 324 So.2d 822, cert. denied, 425 U.S. 954, 96 S.Ct. 1731, 48 L.Ed. 198.[1]
*5 An employee who claims Workmen's Compensation for a work-connected injury waives any right of privacy, vis-a-vis the employer against whom the claim is made, in respect to every matter relevant to the claim. By presenting himself to be examined by the physician selected by the employer for the very purpose of evaluating the injury and determining its extent and whether or not it is attributable to that employer's employment, the employee necessarily consents that the physician may disclose to the employer any medical circumstances relevant to his claim. Because the employer has the right to learn the truth about the employee's claim, the employee must forego his privacy (insofar only as relevant) in order to claim compensation benefits.
However, the employee's waiver of privacy is necessarily implied only to the extent pertinent to the employer's defense; an employee claiming for a broken leg does not waive privacy as to his gastro-intestinal upsets.[2] And, although defendant argued that the earlier injury he reported was also a back injury, and that plaintiff on the later examination gave defendant a history denying this prior injury, those circumstances are not made to appear in an affidavit in support of the motion for summary judgment or elsewhere in the record.
Set aside; costs to await final disposition.
NOTES
[1] See also, by analogy, La.R.S. 13:3734 (as added, Acts 1968 No. 499), making the bringing of a personal injury action by a "patient" a consent that any treating or prescribing physician whose testimony is "material" shall testify. The terms of that statute do not fit our case both, from defendant's point of view, because plaintiff was not a "patient . . . prescribed for or treated" by defendant and, from plaintiff's point of view, because the personal injury action had not yet been brought. (Amendments to the statute by Acts 1977 No. 670 and Acts 1978 No. 430, irrespective of whether applicable to this 1975 incident, do not significantly alter these two aspects of the statute.)
[2] The statutory waiver of La.R.S. 13:3734C(3), as amended Acts 1978 No. 430, may appear to be broader than the necessary waiver resulting from persisting in a claim. However, this case does not require interpreting that statute.