BOUTALL, Judge.
This appeal is concerned with a procedural morass in which factual justice may be obscured by the very procedures adopted to insure it. Three judgments have been appealed from and the issues before us are 1) which appeals may be considered and 2) which judgments are correct.
Beryl Corceller Babin and. her husband Gerald R. Babin separated, with Beryl becoming resident in Jefferson Parish and Gerald residing in Catahoula Parish. After prior litigation was voluntarily dismissed, on October 23, 1979, Beryl Babin filed a petition for separation in the Twenty Fourth Judicial District Court for the Parish of Jefferson on the grounds of cruel treatment. After some preliminary matters were disposed of, Beryl received a judgment for alimony in the amount of $700.00 per month and, after the birth of her child, an additional sum of $100.00 per month for the support of the child over which she was awarded custody. The contest between the parties was both bitter and active, but the separation suit was set for trial on the merits on March 20,1980, at which time some contempt rules were also set. On that date the court took up several of the rules and continued the merits to May 1,1980, to be tried along with the issue of child support.
The trial date of May 1, 1980, is important because it was on that day that a conference was held between the judge and the parties and the events of that day form part of the issues before us. The case was not heard that day but was instead continued to September 8, 1980, and in turn was not tried on that date either but instead continued to December 3, 1980. In the meantime, on August 13, 1980, Gerald Ba-bin filed suit for divorce on the grounds of one year separation in the Seventh Judicial District Court for Catahoula Parish to which Beryl responded first with exceptions and then with an answer to the merits. Presumably it became apparent that the merits of the Catahoula Parish case would come to trial towards the end of October, prior to the December trial date in the Jefferson case. Beryl moved the Jefferson court on September 25 to advance the December trial date up to October 8. At this trial setting there took place most of the events which are subject to these appeals.
On October 8, 1980, at 10:48 A.M., just prior to trial, Beryl filed “INSTANTA AMENDMENT FOR FINAL DIVORCE” alleging that the parties have lived separate and apart for a period of over one year without reconciliation and prayed for a divorce with the reservation of all rights regarding alimony, child support, custody, contempt and fault and all other related matters for trial at a future date. Gerald Babin objected to the filing of the document and to being forced to trial instanter and filed a number of exceptions, excepting to the sufficiency of citation, sufficiency of service of process, lis pendens, venue and lack of notice. The court overruled all of *1137 the exceptions and objections based upon an agreement which the court felt was arrived at by conference between the court and the parties on the May 1 hearing date, and proceeded to try the merits of the divorce petition. Judgment was rendered forthwith decreeing a divorce a vinculo matrimo-nii between the parties, maintaining all previous orders of child support, alimony, etc., in full force and effect and continued all of the rules presently pending, as well as the issue of fault to the hearing date that had been previously set, December 3, 1980. This judgment was signed on the ninth day of October, 1980, and is the subject of the first appeal taken.
That appeal was sought to be dismissed by Beryl on the grounds that the time for appealing had elapsed but that rule was apparently dismissed. Instead on January 27, 1981, on the motion of the Clerk of Court alleging that the appellant was notified of the costs of the appeal and granted twenty days to pay such costs but that the costs had not been paid, the judge issued an order dismissing the appeal on that date. No hearing was held on that motion, and the order of dismissal of the first appeal brought forth the second appeal on the correctness of the dismissal.
The last matter of appeal is a judgment dated March 5, 1981, after hearings in February in which the court decreed that Gerald Babin was at fault in these proceedings and that Beryl Babin was free of fault. Accordingly, the judge fixed alimony and child support, rendered a judgment for accrued alimony pendente lite and attorney’s fees and found Gerald Babin in contempt of court imposing a fine of $500.00. This is the third judgment on appeal.
It is apparent that the finding of fault, etc., in the third appeal is dependent upon the validity of the October 9 judgment of divorce, and in turn we may only inquire into the validity of that judgment if the appeal therefrom is still in existence. Accordingly, we first consider whether that appeal was properly dismissed.
The judgment of divorce was signed on the 9th day of October, 1980, and on the 14th day of November Gerald Babin filed a motion for appeal which was signed on the 18th day of November by the trial judge. By reference to Code of Civil Procedure Articles 3942 and 2087(1)(3), the appeal was timely taken, and was returnable to this court on January 18, 1981. On January 27, 1981, the Clerk of the Twenty-Fourth Judicial District Court filed a motion to dismiss the appeal alleging that appellant’s attorney was notified of the cost of the appeal on December 19, 1980, and given twenty (20) days to pay ending on January 8,1981, but has not paid. No hearing was requested nor was one held. The court simply signed the order filed on that date ordering the appeal dismissed. Appellant in turn has appealed that order which we now consider.
The authority for dismissal of appeal for nonpayment of costs is Code of Civil Procedure Article 2126. In pertinent part, we quote:
Article 2126. “ * * * If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, upon motion by the clerk or by any party, and after hearing, may.
(1) Extend the time within which the costs may be paid, not to exceed thirty days with or without penalty upon appellant or his attorney; or
(2) Impose a fine, not to exceed one hundred dollars, upon the appellant, or his attorney, or both; or
(3) Dismiss the appeal.
If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal.”
Article 2126 clearly requires that the judge hold a hearing on the motion to dismiss. The words “ * * * upon motion * * * and after hearing * * * ” show that this is not an ex parte order or motion but that both motion and hearing are required. Article 2126 is consistent with the definitions of ex parte motions and contradictory motions set out in C.C.P. Article 963:
*1138 Article 963. “If the order applied for by written motion is one to which mover is clearly entitled without supportive proof, the court may grant the order ex parte and without hearing the adverse party.
If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.”
Because the order was signed ex parte without a hearing it must be vacated and set aside. There is no need to remand for a hearing, because the record has now been lodged in this court and the costs have been paid. The appeal from the divorce judgment of October 9, 1980, is still viable and before this court for consideration.
The divorce judgment of October 9 was based upon the hearing held on October 8, 1980. Beryl’s separation suit was set on the merits for October 8, as well as several pending rules. At the time of trial, counsel for Gerald was confronted with the filing of a document entitled “INST ANT A AMENDMENT FOR FINAL DIVORCE,” filed that morning without any order of the court attached permitting its filing. That document, without referring to the petition for separation, simply alleged that the parties have lived separate and apart for a period of over one year without reconciliation and that Beryl desires a judgment of divorce, reserving the rights of the parties as to ancillary matters for trial at a future date. Counsel for Gerald objected to any consideration of that pleading without prior notification to him, and leveled a number of exceptions against it. After argument and discussion before the court, the judge permitted the pleading to be filed, overruled all of the exceptions, and after trial, rendered judgment granting Beryl a divorce and reserving the ancillary matters and the question of fault to a hearing to be held on December 3, 1980.
The basis for the judge’s actions was an agreement between the parties and the judge as a result of a conference amongst them on a prior trial date, May 1, 1980. The trial judge stated (after discussion in open court in which Mr. Cabral argued there was an agreement, and Mr. Boothe argued there was no agreement) the following:
“This record may be silent as to any agreements because unfortunately we don’t always remember when agreements are made in those chambers to come out of here and put the exact agreement on the record. Sometimes we forget to do that. But I’m stating this for the purposes of the higher Court and this record will be clear today with my comments that I remember an agreement being made that this matter would be concluded with the parties agreeing on the basis of a one year separate and apart divorce. And then later the issues would be litigated as to fault as to any change in the status of the parties regarding the support and visitation and all related matters. But I do remember the agreement being made in chambers. And as I say I believe Mr. Cabral and this Court have been misled when after such an agreement is made, a petition for divorce is filed in another parish. Legally, legally and technically you may be correct in filing it in another parish. But it seems to me, to put it plainly in the venacular, I’ve been had and it seems to me Mr. Cabral here has been had, if we can’t enforce agreements between attorneys, if we have to always remember to come out here and put them on record. As I said, we should have done that that day.”
We have no hesitancy in agreeing with the recollection of the trial judge that there was an agreement between the parties that future proceedings in this case would take place upon the basis of a divorce after one year separation, but nowhere in the record is there spelled out any agreements relating to the times and procedures that would be utilized in carrying out that end result. The plight that the trial court found itself in is easily recognized as one which courts are faced with from time to time. Some courts have dealt with such matters in their court rules and presumably the Twenty- *1139 Fourth Judicial District Court has also done so, but those rules were not put in evidence or pleaded to us. In any event, despite our sympathy with a judge who is attempting to render justice as he sees it, we conclude that the provisions of the Code of Civil Procedure require us to hold him in error. We refer to the provisions of C.C.P. Article 1551:
Article 1551. “In a civil action in a district court the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider:
(1) The simplification of the issues;
(2) The necessity or desirability of amendments to the pleadings;
(3) What material facts and issues exist without substantial controversy, and what material facts and issues are actually and in good faith controverted;
(4) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;
(5) The limitation of the number of expert witnesses; or
(6) Such other matters as may aid in the disposition of the action.
The court shall render an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. Such order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.” (Emphasis ours)
The discussion between the attorneys and the judge took place in chambers and there was a consideration of the matters enumerated above. We call attention to the last paragraph of the Article which requires the rendition of an order reciting the action taken and specifically mentions the very procedures considered here. We cannot ignore the plain wording of the Codal Article, and we hold that the trial judge could not disregard the pleadings and exceptions raised by the defendant and proceed to trial without any delay. See for example Walker v. Walker, 395 So.2d 433 (La.App. 3rd Cir.1981). We have considered the possibility of remand of this matter to permit the trial court to render an appropriate order, if the circumstances warrant it, that may cover the entire agreement between the parties. However there are other facts before us which we feel are dispositive of the issue and will hopefully settle some of the bitter litigation between these parties and aid a speedy solution to their financial dilemma.
The pleading filed on October 8 is plainly and simply a divorce action filed on the basis of living separate and apart for more than one year. R.S. 9:301. The defendant Gerald had previously filed a petition for divorce on those same grounds in the Seventh Judicial District Court for the Parish of Catahoula on August 13, 1980. Beryl had responded to that suit by exceptions and on October 1, 1980, by answer. Regardless of whether we would declare the divorce pleading to be a supplemental petition or a separate suit, its effect is only as of the day that it was filed, October 8, as it is an entirely different cause of action from the original petition of separation on grounds of cruel treatment. Accordingly, it is subject to the exception of lis pendens defined in C.C.P. Article 531. State ex rel. Marston v. Marston, 223 La. 1046, 67 So.2d 587 (La.1953). There is nothing in this record to show that Gerald agreed not to file a divorce suit in Catahoula directly pleading such an agreement, or even nullity of judgment after those proceedings were terminated. We conclude that the trial judge should have maintained the exception of lis pendens and not proceeded to judgment on the divorce.
Additionally, there are other reasons why a judgment of divorce would be ineffective under the procedural situation as it now appears. Gerald Babin took an appeal from the October 8 judgment of divorce rendered against him. Correspondingly, Beryl Babin took an appeal from the October 27 judgment of divorce rendered against her in Catahoula Parish. Code of Civil Procedure Article 3942 provides that an appeal shall *1140 suspend the execution of the judgment insofar as the judgment relates to a divorce. While those appeals were pending, neither judgment was yet final and did not become effective or executory. Morgan v. Morgan, 410 So.2d 312 (La.App. 4th Cir.1982); Eiermann v. Modenbach, 198 La. 1062, 5 So.2d 335 (La.1941); Smith v. Smith, 378 So.2d 509 (La.App. 4th Cir.1979). Documents filed with us show that the appeal of the Catahoula judgment to the Court of Appeal, Third Circuit, was dismissed on March 19, 1981. That judgment is now definitive and executory. See C.C.P. Article 2166. The Jefferson judgment was still not execu-tory and by this decision has been vacated and set aside. Accordingly the matter of the divorce between the parties is res adju-dicata.
This brings us to the last issue on this appeal and that is the judgment rendered on March 5, 1981, concerning fault and ancillary matters.
The question of fault is of course directly involved with the validity of the judgment of divorce on October 9. Because that judgment is set aside, the judgment of fault must be set aside.
The other matters adjudicated therein are subject to the principles announced in the Marston case, supra, and extended in Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (La.1956). When two courts have concurrent jurisdiction over the same subject matter, the court which first obtains jurisdiction and possession of the res retains it to the end of the controversy to the exclusion of all others. In this instance, the Jefferson Parish Court by virtue of the separation suit had jurisdiction over the matters of alimony, child custody and support. The judgment of divorce on October 8 simply carried forward all of the prior judgments that were in effect as a result of the separation proceedings. These were finally heard on February 5 and February 24,1981, resulting in the March 5 judgment. Accordingly, the Jefferson court still retained jurisdiction, because the Catahoula divorce was on appeal, over those ancillary proceedings. See Smith v. Smith, supra, and the discussion therein. Insofar as the Jefferson Parish judgment of March 5 pronounced upon those matters cognizable under its separation proceeding, it retained jurisdiction. However as to those matters which are properly considered on a judgment of divorce, it has lost jurisdiction.
To be specific we take the portions of the decree in turn. The alimony and child support previously fixed was amended to provide an amount after March 1, 1981. The amendment can only be effective until thirty (30) days from March 19, 1981, at which time the dismissal of the Catahoula appeal became executory and definitive.
The judgment of accumulation of past due alimony pendente lite and child support plus attorney’s fees is affirmed.
That portion of the judgment finding Gerald Babin in contempt and fining him is affirmed.
That portion of the decree granting reasonable visitation rights are annulled and set aside, being subject to the Catahoula divorce decree.
Accordingly, we annul and set aside the order of dismissal of appeal signed January 27,1981; we annul and set aside the divorce judgment of October 9, 1980, and render judgment in favor of Gerald R. Babin and against Beryl Corceller Babin maintaining the exception of lis pendens dismissing her petition for divorce; in the judgment of March 5, 1981, we annul and set aside the finding concerning fault, we amend the award for alimony and child support to terminate as expressed above, the visitation decree is similarly terminated and the balance of that judgment is affirmed. The costs of this appeal shall be borne by Gerald R. Babin.
ANNULLED AND SET ASIDE IN PART, AMENDED IN PART, AFFIRMED IN PART.