417 So.2d 14 (1982)
Eddie WILLIAMS and Judy Williams
v.
Dr. R. Royce SISTRUNK.
No. 12976.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 1982.
Rehearing Denied August 3, 1982.
John S. Keller, New Orleans, for plaintiffs-appellants.
*15 Truman Woodward, Jr., James K. Irvin, George B. Jurgens, III, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, for defendant-appellee.
Before REDMANN, SCHOTT and KLEES, JJ.
SCHOTT, Judge.
Mr. and Mrs. Williams brought this action against Dr. Sistrunk for damages for an alleged violation of the patient-physician privilege of communication. The trial court maintained defendant's exception of no cause of action, based upon LSA-R.S. 13:3734, and dismissed the petition. Plaintiffs appealed. The issue is whether plaintiffs have stated a cause of action.
Only the petition and attached documents may be considered on an exception of no cause of action, and all well-pleaded facts are taken as true. No evidence may be admitted to support or controvert the exception. The exception must be overruled unless the allegations affirmatively establish that the plaintiff does not have a cause of action under any facts admissible under the allegations of the petition. LSA C.C.P. Art. 927(4); Wheelahan v. State, 376 So.2d 576 (La.App. 4th Cir. 1979).
In their petition plaintiffs allege as follows: They filed a complaint with the Commissioner of Insurance of the State of Louisiana against Southern Baptist Hospital and a medical malpractice panel was convened; in connection with that matter plaintiffs scheduled the deposition of Dr. Sistrunk, Mrs. Williams' doctor; counsel for Southern Baptist Hospital then obtained Mrs. Williams' entire medical records from Dr. Sistrunk, without her consent; and their privacy had been invaded, in direct conflict with R.S. 13:3734(B), by the release of the medical records. Defendant contends that the statute excepts his actions from the privilege.
R.S. 13:3734(B) provides that a patient has a privilege to prevent a doctor from disclosing medical information relating to his treatment. The statute then provides exceptions to the privilege of which subsections (C)(3) and (5) are relevant:
"(3) If any person brings an action to recover damages, in tort or for workmen's compensation under federal or state laws, for personal injuries, such action shall be deemed to constitute a consent by the person bringing such action that any health care provider who has attended such person at any time may disclose any communication which was necessary to enable him to diagnose, treat, prescribe or act for said patient."
"(5) If any health care provider reasonably believes in good faith that any legal proceeding enumerated in Paragraphs (3) or (4) under this Subsection, has or may be instituted for or on behalf of said patient, such health care provider may disclose any communication acquired by him which was necessary to enable him to diagnose, treat, prescribe or act for said patient."
These two exceptions apply to the facts as alleged in the plaintiffs' petition. Plaintiffs have not stated a cause of action because the release of the medical records was excepted from the privilege. Plaintiffs have not alleged that any of the disclosed communications were unnecessary to the treatment of the patient, nor have they alleged that the records included any irrelevant or damaging information. The legislature, in enacting R.S. 13:3734, could not have intended to exempt unrelated information from the privilege. In an analogous situation, the court stated in Acosta v. Cary, 365 So.2d 4 (La.App. 4th Cir. 1978). "However, the employee's waiver of privacy is necessarily implied only to the extent pertinent to the employer's defense; an employee claiming for a broken leg does not waive privacy as to his gastro-intestinal upsets." That principle is applicable to R.S. 13:3734.
Even though plaintiffs have not stated a cause of action they are entitled to amend their petition, because by amendment the plaintiffs may be able to remove the grounds of the objection pleaded by the exception of no cause of action. C.C.P. Art. 934.
*16 Accordingly, that portion of the judgment sustaining the exception of no cause of action is affirmed but that portion dismissing plaintiffs' suit is reversed and set aside. The case is remanded to the trial court to allow plaintiffs to amend their petition in accordance with C.C.P. Art. 934. The costs of this appeal are taxed against defendant. The taxing of other costs is to be made at the conclusion of the case.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

ON REHEARING
Before REDMANN, SCHOTT and KLEES, JJ.
PER CURIAM.
In their application for rehearing plaintiffs for the first time argue that R.S. 13:3734 has no application to the facts as alleged in plaintiffs' petition because the exceptions provided by § 3734(C)(3) and (5) to § 3734 B's privilege extend only to testimony at trial or deposition under § 3734(D).
If the disclosed information obtained at the deposition proves to be relevant defendant may testify to it at his deposition, and, as a practical matter, no damage will have been suffered by plaintiff for the premature disclosure of such information to the hospital's attorney prior to the deposition.
On the other hand, if the disclosed information is irrelevant plaintiffs have a cause of action for violation of the privilege without regard to the taking of any deposition or testimony at trial.
The application for rehearing is denied.
APPLICATION DENIED.