417 So.2d 856 (1982)
Anna Margaret Bodden, wife of Richard ARSENAUX
v.
Richard ARSENAUX.
No. 12721.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 1982.
Rehearing Denied August 19, 1982.
Writs Granted October 1, 1982.
*858 Roger B. Jacobs, Jacobs, Loeffelholz & Trestman, New Orleans, for plaintiff-appellee.
Frank Sloan, Silvestri, Marinaro & Massicot, New Orleans, for defendant-appellant.
Before REDMANN, C. J., and GULOTTA and KLEES, JJ.
REDMANN, Chief Judge.
A husband appeals from a judgment of separation in favor of his wife based on abandonment, holding her without fault and rejecting as unproven his reconventional demand for divorce for adultery by the wife.
The principal question is whether the trial court erred in excluding evidence that, allegedly, the wife had had an abortion, and that she could not have been impregnated by the husband because he had two years earlier had a 100% effective vasectomy. We remand for admission and consideration of the excluded evidence.
The trial judge excluded evidence of the abortion on grounds of the wife's state statutory privilege, La.R.S. 13:3734 B, and federal right to privacy, citing Bellotti v. Baird, 443 U.S. 622, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979). We hold both privilege and privacy waived by the wife's demand for separation and for entitlement ultimately to post-divorce alimony based on her own freedom from fault, as well as by her testimony that she was free from fault.
Bellotti held unconstitutional a statute that required, in lieu of parental consent, judicial consent after notification to the parents, for a minor to obtain an abortion. Earlier, Planned Parenthood of Missouri v. Danforth, 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976), had invalidated a statutory requirement for the husband's consent for a married woman's abortion and for one parent's consent for a minor's abortion. Accepting that Danforth would invalidate any state law granting a husband power to veto his wife's decision to have an abortion, and assuming that by implication Bellotti might invalidate any state law obliging wife or doctor even to notify the husband of the wife's decision to have an abortion, those cases still do not decide our questions of waiver of privilege and of admissibility of privileged evidence for impeachment purposes.
Not even the constitutional protections against self-incrimination and unreasonable search and seizure can exclude evidence that would impeach false testimony. The United States Supreme Court has in several criminal cases ruled admissible, for impeachment purposes, evidence ordinarily inadmissible because obtained in violation of those constitutional rights. Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954); Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971); Oregon v. Hass, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); United States v. Havens, 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980). In Havens, 100 S.Ct. at 1916, noting the purpose of arriving at the truth and the obligation of witnesses to testify truthfully, the Court declared that Harris
rejected the notion that the defendant's constitutional shield against having illegally seized evidence used against him could be "perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances."
The bedrock principle of waiver of privilege is fairness. This wife demands a judgment of separation and future entitlement to permanent alimony on the basis of her husband's fault in abandoning her without fault on her part. The wife raises the question of whether she was free of fault, but asks the court to prevent her husband from answering it. That is simply not fair. If a spouse seeks an adjudication that he or she is free from fault, that spouse necessarily *859 waives any privilege or privacy that would otherwise shield his or her fault from exposure.
The principle of waiver is emphatically stated in another context by Wigmore, Evidence (McNaughton rev. 1961) § 2389(c)(2):
Certainly it is a spectacle fit to increase the layman's traditional contempt for the chicanery of the law when a plaintiff describes at length to the jury and a crowded courtroom the details of his supposed ailment and then is permitted to suppress the available proof of his falsities by asserting that he wishes to keep the matter confidential.
This court itself has previously applied the waiver principle in Acosta v. Cary, 365 So.2d 4, 5 (La.App. 4 Cir. 1978), holding that an employee "must forego his [medical] privacy (insofar only as relevant) in order to claim compensation benefits." We now hold that a spouse who claims freedom from fault must forego his or her privacy in respect to medical evidence that would show the claimant's fault.
The husband's purported proof of the wife's adultery consists of two basic elements: first, he offers to prove that he had in 1976 a vasectomy that was completely effective and therefore he could not thereafter have impregnated the wife; and second, he offers to prove that the wife was thereafter impregnated, by proving she had an abortion in 1978 under an assumed name. That evidence is admissible under both impeachment and waiver principles.
The husband also complains of the exclusion of proffered tape recordings of telephone conversations or parts of conversations. Although tape recordings may be admissible as prior inconsistent statements, Lefort v. Meibaum Bros., Inc., 321 So.2d 824 (La.App. 4 Cir. 1975), only one of the proffered recordings purported to contradict a witness (the parties' ten-year-old son), and that on an irrelevant point. That a witness does not at trial remember an incident is not grounds for impeachment. As to one other recording, the wife admitted she had made the statement in an upset state. Otherwise, the recordings are simply non-pro-bative of anything except that, as every lawyer and judge in the field knows, separated spouses often become very upset with each other and, unfortunately, they consciously or subconsciously communicate their upset state to their children. It was not error to exclude the proffered recordings.
The husband further complains of the trial court's refusal to admit, in accordance with La.C.C.P. 1450(3)(d), the depositions of two witnesses whom he claims to have subpoenaed but who did not appear at trial. The record showed (and the husband argued) that a subpoena (duces tecum) was served on one of the two on October 6 for the November 20 trial, and that subpoenas were directed to the other one at three different addresses on October 3, although there is no return of service on any of those three subpoenas. Under La.C.C.P. 1450(3)(d) a deposition is admissible if the court finds "that the party offering the deposition has been unable to procure the attendance of the witness by subpoena...." The trial judge's view that the husband should have moved for a continuance under C.C.P. 1602 is, in our judgment, an insufficient basis for excluding the depositions. If a litigant does not have the deposition of an essential witness whose attendance he or she has been unable to procure by subpoena, that litigant must of course seek a continuance. But one is not obliged to move for a continuance if art. 1450(3)(d) authorizes the admission of an available deposition of the missing witness. We deem the husband's showing sufficient for purposes of C.C.P. 1450(3)(d). The depositions are therefore admissible.
The husband's other complaints of error, save as to the fixing of child support, are rendered unripe for decision by our setting aside of the judgment and remanding. Child support was fixed $50 higher than the previous $500 fixed five months earlier for alimony and child support together. That total may have been limited by the husband's ability to pay, and the judge might therefore award the full $500 for the child *860 alone. But the wife's counsel stipulated there was no (other?) change in circumstances and it was therefore error to fix child support in an amount higher than the previous total.
The judgment appealed from is set aside, except for its provision for child support, which is reduced to $500 monthly, and except for its provision for visitation, which is not directly questioned; and the matter is remanded for further proceedings consistent with this opinion. Costs are to await final judgment.

ON APPLICATION FOR REHEARING
PER CURIAM.
The husband's application for rehearing points out that no change in alimony pendente lite and child support had been sought by any pleadings subsequent to the July 16, 1980 judgment. At the trial on November 20, resulting in the November 10 judgment now on appeal, counsel stipulated that there had been no change in circumstances pleaded. We therefore conclude that in place of an award for child support there should have been a simple continuation of the July 1980 award of $500 for both alimony pendente lite and child support while the mother's temporary custody continues. Our decree is so amended. Rehearing is otherwise denied.