446 So.2d 981 (1984)
Michael F. CLOONEY, Plaintiff-Appellant,
v.
Sheila Marie CLOONEY, Defendant-Appellee.
No. 83-628.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
*982 Thomas & Hardy, Elizabeth S. Hardy, Lake Charles, for plaintiff-appellant.
McClain, Morgan & Savoy, Richard L. Savoy, Lake Charles, for defendant-appellee.
Before FORET, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
Does a custodial spouse in a divorce proceeding have to establish a change in circumstances to warrant an increase in child support when support had been determined previously in separation action and the only change in circumstances is termination of alimony pendente lite? That is the issue presented for our resolution. From a judgment increasing his child support obligation from approximately $450.00 per month to over $850.00 per month, the father appeals.
Michael F. Clooney, appellant, brought suit for divorce against his wife, Sheila Marie Clooney, defendant-appellee. A judgment of separation was rendered between the parties on September 10, 1981, awarding Mrs. Clooney alimony in excess of $350.00 per month and child support in a sum in excess of $550.00 per month. In the divorce action which followed defendant did not seek alimony for herself, but asked only for child support. The amount she sought in child support was in excess of the amount allocated for child support in the judgment of separation.
Mrs. Clooney contends that a determination of the amount of child support can be made without requiring her to prove a change in circumstances since the separation decree. Mr. Clooney concedes that this was the correct way to determine child support prior to Lewis v. Lewis, 404 So.2d 1230 (La.1981) but that since Lewis, the change in circumstances rule applies.
Prior to Lewis, a number of cases had held that child support as well as alimony for the wife terminated at the time of divorce. *983 Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (1956); Bowsky v. Silverman, 184 La. 977, 168 So. 121 (1936).
Following this rule, this court in Worley v. Worley, 247 So.2d 254 (La.App. 3rd Cir. 1971) held that since the previous child support award terminated at divorce, the child support award upon divorce was a new award. Thus, the fact that there was no change in circumstances shown was immaterial pursuant to jurisprudence prior to Lewis.
The rule that a change in circumstances was unnecessary was modified by the decisions in some cases, including Vanier v. Vanier, 344 So.2d 1077 (La.App. 3rd Cir. 1977); Dugas v. Dugas, 374 So.2d 1278 (La.App. 3rd Cir.1979); and Wasson v. Wasson, 402 So.2d 718 (La.App. 1st Cir. 1981) which held that the parent seeking a reduction in child support payments must prove a change in circumstances. In Wasson, we noted that alimony pendente lite is based on a spouse's obligation to support the other during marriage, however, child support is a different matter. "The husband's obligation to support the children is the same before divorce as it is after divorce." Thus a spouse must show a change in circumstances to justify alteration of a prior decree.
In Vanier, supra, this court reiterated that child support differs from alimony as "The husband's obligation to support the children of the marriage is the same before final divorce as it is afterwards."
Other cases prior to Lewis, including Morrison v. Morrison, 316 So.2d 453 (La. App. 3rd Cir.1975) and Manuel v. Broderson, 298 So.2d 333 (La.App. 3rd Cir.1974), have held that a parent with custody bears no burden to show a change of circumstances when seeking an increased award for child support in a divorce action, following an earlier award incidental to separation litigation.
The trial judge construed the jurisprudence prior to Lewis, to the effect that a custodial parent seeking an increase in child support at the time of divorce does not have to show a change in circumstances, while a non-custodial parent seeking a reduction must show a change in circumstances. This seeming inconsistency was noted in Wasson, supra.
The Supreme Court in Lewis held that a previous child support award did not terminate upon divorce, and stated:
"Our previous opinions holding that support awarded to minor children ceases upon the rendition of a judgment of divorce were in error and are overruled to the extent they are inconsistent herewith." 404 So.2d at 1234.
The trial court was of the opinion that the court in Lewis did not intend by its decision that a custodial parent, in seeking an increase in child support, must show a change in circumstances. In reaching this conclusion the trial judge noted "When an award is made for both child support and alimony for the wife, the total award is partially dependent upon the total amount the non-custodial parent is able to pay for both. The total amount awarded is apportioned somewhat arbitrarily between the child and alimony for the custodial parent. The amount awarded for either is not necessarily a realistic recognition of their respective needs ..."
In accordance with his interpretation of the law, the trial court proceeded to determine the support due, noting there are three minor children, ages 11, 9, and 6. Her net income was approximately $340.00 per month whereas Mr. Clooney grossed about $3,623.00 a month. Mrs. Clooney presented an itemized list of her total monthly needs and those of her children totaling approximately $1,600.00. Items attributable solely to the children were found to total $230.00.
Utilities, rent, car expenses, and food, totaling approximately $1,200.00 were determined to be attributable to both Mrs. Clooney and the children. Of this amount, the trial judge found $525.00 reasonably attributable to the expenses of the children. Such apportionment of household expenses is a proper item to be considered in determining child support. Dufrene v. Dufrene, *984 430 So.2d 759 (La.App. 5th Cir.1983). The amounts for medical, dental, and health insurance were not considered as the court intended to require Mr. Clooney to pay such expenses for the children.
Thus, the total monthly expenses of the children were set at approximately $755.00, plus medical and dental care costs. Thus the husband's monthly child support obligations approaches $900.00.
From that judgment, plaintiff appeals assigning as error the amount of the trial court's award of increased child support at a trial de novo where no change in circumstances was established.
Stated otherwise, the issue before us is whether termination of alimony pendente lite (which by definition is only temporary) is in and of itself a sufficient change of circumstances to warrant altering an earlier determination of the children's needs.
The general rule in Louisiana is that an alimony or child support judgment remains in full force and effect in favor of the party to whom it is awarded until the party liable applies to the court and obtains a modification. McManus v. McManus, 428 So.2d 854 (La.App. 1st Cir.1983); Pisciotto v. Crucia, 244 La. 862, 71 So.2d 226 (1954); Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11 (1953).
"Child support awards stay in effect at judgment of divorce. A judgment awarding support for a child has a legally independent basis and is not a mere incident of a separation decree which terminates upon dissolution of marriage." Babin v. Babin, 420 So.2d 1135 (La.App. 5th Cir.1982); Lewis v. Lewis, supra.
In Martin v. Brasseaux, 422 So.2d 548 (La.App. 3rd Cir.1982), this court held that:
"A parent seeking an award for child support from his (her) former spouse has the burden of proving by a preponderance of the evidence, the actual needs of the child (children) for whom support is sought and that former spouse has the ability to pay the amount sought.... A mutual obligation of support, maintenance and education of children is imposed by our law on both parents".
The court therein concluded that the trial court erred in placing on the father the entire burden of supporting the child while requiring the mother to contribute nothing.
The mother as well as the father is obligated to support the children. Fellows v. Fellows, 267 So.2d 572 (La.App. 3rd Cir. 1972); Nelson v. Nelson, 335 So.2d 787 (La.App. 1st Cir.1976). Accord: Graval v. Graval, 355 So.2d 1057 (La.App. 4th Cir. 1978); Marcus v. Burnett, 282 So.2d 122 (La.1973); Strickland v. Strickland, 377 So.2d 537 (La.App. 3rd Cir.1979). However, the day to day care of children by the custodial parent fulfills a portion of that parent's support obligation. Chaffee v. Chaffee, 398 So.2d 1169 (La.App.1981).
To modify a judgment or a consent decree awarding alimony, the party seeking to modify the award bears the burden of showing there has been a substantial change of circumstances of one or both of the spouses. Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir.1982). Elimination of one spouse's alimony may justify an increase in child support as the supporting spouse's ability to pay is increased accordingly, cf: Danforth v. Danforth, 422 So.2d 544 (La.App. 5th Cir.1982); Long v. Long, 347 So.2d 513 (La.App. 2d Cir.1977). See also: Arceneaux v. Arceneaux, 417 So.2d 856 (La.App. 4th Cir.1982), on appeal, 428 So.2d 427 (La.1983).
In Trice v. Trice, 428 So.2d 1265 (La.App. 3rd Cir.1983), this court stated "... Any modification of a judgment for child support must be predicated upon a change in the circumstances of one of the parties. The litigant requesting the adjustment in a prior award has the burden of proving this change in circumstances." Accord: Hyams v. Hyams, 365 So.2d 527 (La.App. 3rd Cir.1978).
In Petrich v. Petrich, 430 So.2d 829 (La. App. 5th Cir.1983) the court said:
"Absent a showing of change in circumstances, an initial award of child support should not be altered. Prudhomme v. *985 Prudhomme, 381 So.2d 906 ([La.App.] 3rd Cir.1980)."
The only change in circumstances shown, other than termination of alimony pendente lite, were as follows: When the separation judgment was rendered, Sheila Marie Clooney was not working, and at the time of the trial for the divorce, she was making $340.00 per month. Michael Clooney was earning approximately $38,965.00 per year at the time of separation whereas his W-2 Form for 1982 revealed that he earned $42,434.00. The mother had savings in the sum of $4,000.00 at the time of the divorce hearing while the father had approximately $8,500.00 in savings. Mr. Clooney's monthly expenses had increased by $610.00. At the time of legal separation Mrs. Clooney was paying no rent and at the time of the divorce proceeding she was paying approximately $300.00 per month although her father-landlord had no receipts for same. She listed her total monthly expenses at $1,697.25 for both herself and the children, however, on the stand she admitted that many of the items were either one-time expenses or debts not yet incurred.
The obligation for child support arises from the fact of paternity. The criteria used by the court for determination of child support is the same in a separation hearing as in a divorce hearing or any subsequent rule. The usual criteria is based upon a balancing of the needs of the children and the ability of both parents to contribute to the support of the children.
As a divorce decree does not terminate the obligation of child support, Lewis v. Lewis, supra; Tureaud v. Tureaud, 427 So.2d 634 (La.App. 5th Cir.1983); In re MDA, 427 So.2d 1334 at 1336 (La.App. 2nd Cir.1983); Babin v. Babin, supra; Berthelot v. Berthelot, 425 So.2d 985 at 986 (La. App. 5th Cir.1983); McManus v. McManus, supra; we hold that an initial award of child support should not be altered absent a change of circumstances. Accord: Petrich v. Petrich, supra; Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3rd Cir. 1980).
We believe that the policy considerations requiring a change in circumstances in post-divorce child support proceedings support a presumption of validity of support determination in separation actions. The change of circumstances requirements is based in part on judicial efficiency considerations as domestic litigation should not be endless. While termination of alimony pendente lite effects the ability and need of the respective spouses, this alone should not ordinarily justify alteration of prior judicial determinations inasmuch as otherwise custodial parents might receive alimony under the guise of child support. Accordingly, we hold that separation awards of child support are entitled to a presumption of validity.
The circumstances herein indicate that the trial judge considered the father's increased ability to pay due to the termination of alimony pendente lite as well as other factors. The needs of the children were unfulfilled, thus the award for child support was increased. The record reflects that the trial court was acting in the best interest of the children. The trial judge has much discretion in fixing child support and his award will not be disturbed unless there is a clear abuse of discretion. We cannot say the trial judge clearly abused his much discretion. Accordingly, the judgment appealed is affirmed at appellant's cost.
AFFIRMED.
FORET and YELVERTON, JJ., concur in the result.