KNOLL, Judge.
Joann Jackson appeals the dismissal of her rule for an increase in child support, contending the trial court erred in not finding a change of circumstances that would merit an increase. We reverse and grant an increase in child support, finding the record supports a sufficient change of circumstances that warrants an increase.
Child support for the minor child, Alfred Joseph Jackson, was originally set in 1977 in the judgment of separation at $10 per week. At that time the child was two years of age. In the divorce proceedings in 1978, Joann Jackson asked for an increase in child support but was denied. The judgment of divorce is silent as to any amount of child support, but the record is clear that Alfred Jackson, the father, was paying child support pursuant to the judgment of separation. Lewis v. Lewis, 404 So.2d 1230 (La.1981), established that a divorce decree does not terminate the obligation of child support. In accord see Clooney v. Clooney, 446 So.2d 981 (La.App. 3rd Cir.1984). Therefore, that portion of the judgment of separation pertaining to child support is still in effect.
In 1983, the mother filed another rule for an increase in child support and was again denied by the trial court. It is the denial of this rule that is before us now.
It is well settled that a party seeking a modification of child support bears the burden of showing a change of circumstances. Trice v. Trice, 428 So.2d 1265 (La.App. 3rd Cir.1983). The trial court is vested with much discretion in fixing the amount of child support, and such an award will not be disturbed on review unless there has been a clear abuse of this discretion or manifest error in its factual appreciations. Trice, supra. The amount of child support is calculated to the child’s needs as well as the circumstances of those who are obligated to pay it. Johnson v. Johnson, 432 So.2d 1140 (La.App. 3rd Cir.1983).
We find the change of circumstances in the present case to be very significant. When child support was originally set in 1977 at $10 per week, the child was two years of age. The child is now approximately nine years of age and attending school. The cost of living is considerably higher now than it was in 1977. With the child attending school, he has additional needs and expenses that were not present in 1977.
The mother is in poor financial circumstances and cannot financially support, more than she has, the increasing needs of the child. She is presently unemployed and draws $55 per week unemployment compensation. When she was working, her net pay was approximately $72 per week.
Mr. Jackson contends that his circumstances have not changed to such an extent that an increase in child support is warranted. We disagree. He argues that when child support was originally fixed, Mrs. Jackson was unemployed and that her expenses have now increased primarily to loan installment obligations. Alfred Jackson’s overall financial circumstances are stable and have improved. He is employed at Northwestern State University and grosses $10,181.20 a year. Since child support was originally set, he has received a slight raise. He has remarried and his present wife is gainfully employed and nets approximately $105 per week. The earnings and income of Alfred Jackson’s present wife should have been considered in determining child support since her earnings and income constitute a community asset. Marcus v. Burnett, 282 So.2d 122 (La.1973). They are buying a home. They have two vehicles; his vehicle is paid for and they are making monthly payments on his wife’s vehicle. His wife’s eleven year old son lives with them and Alfred helps contribute to his stepson’s support.
We do not view Joann Jackson’s loan installment obligations adversely to her position. There is no evidence that these loans were not made out of necessity. She had the burden of providing day-to-day care and supervision of the child, and providing food, clothing, shelter and an education for him, in addition to supporting her *191 self, all on her meager income and $10 a week child support.
We recognize that Mr. Jackson has a limited income, but he has proven to be a prudent financial administrator. Joann Jackson’s earning ability has not been as good as her former husband’s, and the record clearly shows that she is unable to meet the growing demands of their minor child. Mr. Jackson's primary obligation is to support, maintain and educate his child; his obligation to support his legitimate child may not be prejudiced by his voluntary assumption of an obligation to support another child for whom he is not legally responsible. Goodrich v. Goodrich, 421 So.2d 962 (La.App. 3rd Cir.1982), writ denied, 427 So.2d 1209 (La.1983).
Accordingly, we find the learned trial judge committed manifest error in not finding a change of circumstances and failing to increase child support to a more reasonable amount. We therefore increase child support to $35 per week. We note that Mr. Jackson maintains his son on his hospitalization insurance plan and has been paying the medical expenses incurred by his son. The minor child at one time had recurrent gross hematuria secondary to sickle cell trait. The record reflects this condition has cleared up and has not troubled the child since 1978. The medical report suggests the child could have some congenital or voiding abnormality. In view of the child’s medical history, Mr. Jackson is to maintain his son on his hospitalization plan and pay all reasonable medical expenses incurred by the child.
For the foregoing reasons, the judgment of the trial court is amended and rendered as follows: IT IS ORDERED, ADJUDGED AND DECREED that Alfred Jackson pay unto Joann Jackson child support for the support of the minor child, Alfred Joseph Jackson, the sum of $35 per week, and further, Alfred Jackson is to maintain the minor child under his hospitalization insurance plan, and to pay all reasonable medical expenses incurred by the minor child.
Costs of this appeal are assessed to Alfred Jackson.
AMENDED AND AS AMENDED AFFIRMED.
FORET, J., concurs in the amended judgment, but is of the opinion that the increase in child support is excessive.