BARRY, Judge.
Norman Therrien appeals a judgment which increases his child support payments and makes past due amounts executory.
On March 12, 1984 Norman and Jacquelyn Therrien obtained a legal separation based on mutual fault. Jacquelyn was granted custody of their two minor children and Norman was ordered to pay $300.00 monthly child support. The amount was based on a finding that Norman earned $1,250.00 and Jacquelyn earned $1200.00 monthly, and the judgment provides:
This child support award of $300.00 per month is further predicated upon the agreement by the parties to pay the two monthly mortgage notes on the family residence at 1447 Constance Street as follows: Norman Therrien shall pay the monthly mortgage note of $275.74 and Jacquelyn Therrien shall pay the monthly mortgage note of $250.00.
Norman complied with the judgment through October, 1984, but on November 1, 1984 he sent a letter to the homestead stating he would no longer pay the note.
On January 2, 1985 Jacquelyn filed a motion for past due support to be made executory, compliance with the court order, contempt and attorney’s fees. On January 10th a judgment of divorce, based on living separate and apart, was rendered with no mention of child support. In a supplemental motion filed January 15,1985 Jacquelyn alternatively couched her claim in terms of breach of contract (if the separation decree was found to be only an agreement) and also asked for an increase in child support. *1222 Norman filed a no cause or right of action exception claiming the motion for a summary proceeding was improper.
The trial court made $1,116.31 executory for past due child support and mortgage payments, increased the support to $400.00 in addition to the mortgage payment, ordered Jacquelyn to continue paying the $250.00 mortgage, dismissed the motion for contempt, overruled the exception, and granted Jacquelyn attorney’s fees.
Norman argues the separation decree did not specify that his obligation to pay the mortgage was part of the child support award. He also contends there was no change in circumstances to warrant an increase in support. Since the divorce judgment was silent as to child support, the amount specified in the original separation decree remained in effect. Jackson v. Jackson, 459 So.2d 188 (La.App. 3rd Cir.1984); Stagg v. Stagg, 436 So.2d 1202 (La.App. 4th Cir.1983), writ denied 442 So.2d 453 (La.1988).
The judgment clearly specifies that child support is “further predicated” on payment of the two mortgage notes. The executory judgment with attorney’s fees is affirmed.
The person seeking a modification of a prior support judgment must show a change in circumstances to justify it. Meunier v. Meunier, 437 So.2d 370 (La.App. 4th Cir.1983).
Norman, a sculptor, who said he would not consider a teaching position or any other job, testified his income had decreased. At one point he claimed he was making no more than $500.00 a month. Later he stated he averaged $600.00-$700.00. The only business record relating to 1984-1985 was a handwritten list of three sculpture sales from November, 1984 to January, 1985 totaling $1,678.00 Norman said he also made steel stands for galleries, but his income for that work is unclear. Although he disclaimed it, Jacquelyn testified he exchanged services for artifacts for his collection. Norman admitted working for free since he gave away quite a bit of his sculpture.
Norman sold property in Maine (a house on two acres of land) and gave the net equity of $24,000 to two major children from another marriage. He still owns eight acres.
Jacquelyn, a self-employed baker, worked 12 hours a day, 6 days a week. She did not give exact figures on increased expenses, but noted the $275.74 house note and her attempt to provide a better life for her two sons. The children were three and four years old when the separation petition was filed January 20, 1984 and were in school in January, 1985. Although the older boy went to public school, Jacquelyn had to pay $175.00 monthly for her younger son’s pre-school and her older son’s after-school program.
Obviously the trial judge disbelieved Norman’s testimony on decreased income. Also, he still owned Maine property (eight acres) and ignored his minor children when he allegedly gave away a substantial profit from a sale. The court had reason to be concerned over his refusal to seek gainful employment and his statement that he was supporting his children “fine”. The trial judge obviously gave credence to Jacquelyn’s claim of additional expenses for the two boys, then almost one year older with school expenses.
Child support payments are to be set in proportion to the needs of the children and the circumstances of the parent who pays the support. All the facts and circumstances of each case must be considered. Thompson v. Thompson, 466 So.2d 750 (La.App. 4th Cir.1985). The trial court has much discretion in fixing child support and his award will not be disturbed in the absence of a clear showing of abuse of that discretion. Clooney v. Clooney, 446 So.2d 981 (La.App. 3rd Cir.1984).
Under the totality of these circumstances, we find no abuse in the increase of child support.
The judgment is affirmed.
AFFIRMED.