347 So.2d 513 (1977)
Bobby R. LONG, Plaintiff-Appellant,
v.
Jackalene Caffery LONG, Defendant-Appellee.
No. 13276.
Court of Appeal of Louisiana, Second Circuit.
June 22, 1977.
McKinley, Bruscato & Loomis by Albert E. Loomis, III, Monroe, for plaintiff-appellant.
Blackwell, Chambliss, Hobbs & Henry by James A. Hobbs, West Monroe, for defendant-appellee.
Before BOLIN, HALL and MARVIN, JJ.
HALL, Judge.
In connection with a final divorce awarded to the plaintiff-husband on the grounds of two-year voluntary separation, the district court ordered plaintiff to pay defendant support for three minor children, ages *514 10, 8 and 2, in the amount of $180 every two weeks, and to maintain hospital, dental, medical and life insurance for the benefit of the children. Plaintiff appealed and we affirm, finding no abuse of the trial court's discretion.
Plaintiff, a repairman for an electric utility company, earns gross monthly wages of $1,180, with a net of $950. He itemized his monthly expenses at $1,306 per month, including alimony of $165 per month and child support of $235 per month being paid under a prior judgment rendered in connection with a separation judgment. Defendant itemized the monthly expenses of the children at $830 per month.
Plaintiff's chief complaints are that the district court substantially increased the amount of child support over that previously awarded and failed to take into account defendant's ability to work and contribute to the children's support.
By virtue of the divorce judgment, plaintiff is relieved of the obligation to pay alimony pendente lite. His ability to pay child support is increased and an increase is justified.
Defendant, who has worked as a nurse's aide in the past but who currently has only a small income from baby-sitting, is enrolled in school to become a licensed practical nurse. This effort to improve her future earning capacity, together with the need of the children to have their mother's care at home when she is not at school, relieves her of the obligation of obtaining full-time employment and contributing additionally to the children's financial support at this time. Ducote v. Ducote, 339 So.2d 835 (La.1976); Gravel v. Gravel, 331 So.2d 580 (La.App.3d Cir. 1976).
A substantial portion of plaintiff's monthly expenses is for payments in connection with purchases of land made by him both before and after the parties' separation. Considering his ability to pay and the needs of the children, the award of the district court, while at the maximum limit, is within that court's sound discretion.
The judgment is affirmed at plaintiff-appellant's costs.
Affirmed.