422 So.2d 544 (1982)
Carolyn May Garner DANFORTH
v.
Roy DANFORTH.
No. 5-190.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1982.
Ferdinand J. Kleppner, Law Offices of Ferdinand J. Kleppner, Metairie, for defendant-appellant.
Floyd J. Reed, J.D., Reed & Reed, New Orleans, for plaintiff-appellee.
Before SAMUEL, KLIEBERT and DUFRESNE, JJ.
KLIEBERT, Judge.
This is a devolutive appeal brought by Roy Danforth (the father) from a judgment ordering him to pay to the plaintiff, Carolyn Danforth (the mother) $850.00 per month for the support of their minor daughter, Neola Danforth. The mother did not appeal or answer the appeal brought by the father.
On March 27, 1981, Carolyn Danforth filed a petition for divorce based on living separate and apart for more than one year. In connection therewith, an alimony and custody hearing was heard on May 6, 1981. This resulted in a judgment granting custody of the minor daughter to the mother and setting child support at $750.00 per month *545 and alimony pendente lite for the wife at $750.00 per month.
According to the testimony of the father, taken at the hearing on the alimony rule, he received a salary of $42,267.00 per year with a take home pay of $2,424.00 per month, plus the use of an automobile and his employer made a yearly contribution of $5,072.00 to his annuity fund. The wife was employed and had earnings of approximately $600.00 per month. The wife cited the expenses for herself and her children at $3,385.20 per month. The husband listed his expenses at $1,650.00 per month. At the conclusion of the hearing, the court set the child support and alimony at $1,500.00 per month and cited the following reasons:
"The Court has reviewed this matter as we always have in the separation cases, there is not enough money to keep two households, in connection with this matter the Court is going to set $1,500.00 a month plus hospitalization for his wife and child support. For the record here we are taking care of two persons rather than one person and the needs of the child, and also here we are talking about a man with capabilities."
This was divided equally between child support and alimony pendente lite in the judgment rendered by the trial judge.
A hearing on the merits was held on June 25, 1981. At this hearing the wife voluntarily withdrew her request for alimony but maintained her demand for child support, stating her demand was for $850.00 per month child support. She stated her income and expenses were about the same as at the time of the alimony hearing, except that her adult daughter living in the same home with her was contributing $50.00 every two weeks for her support. The parties also stipulated that the husband's income and expenses were substantially the same as at the alimony hearing. At the conclusion of this hearing the trial judge said:
"When we previously discussed this matter as I recall there was not enough money to go around at that time. Mrs. Danforth has now waived alimony, I am going to set the child support $850.00 per month."
On the appeal the father seeks a reduction of the child support to $350.00 per month and in addition strenuously complains about the increase from $750.00 to $850.00 per month because of the elimination of the alimony award to the wife.
Counsel for the father argues that an increase in child support cannot be granted merely because there was a decrease in alimony payments. He cites Graval v. Graval, 355 So.2d 1057 (La.App. 4th Cir.1978) in support of his contention. On the other hand, counsel for the mother argues the elimination of the alimony to the wife enhanced the ability of the father to pay child support and that enhancement alone is sufficient to support an increase in the child support payments. He cites Long v. Long, 347 So.2d 513 (La.App. 2nd Cir.1977) in support of his contention.
In the Long case, supra, there was ample evidence to show an increase in the needs of the children with a corresponding increase in the ability of the father to pay because of the decrease in the alimony. On the other hand, in the Graval case, supra, although the decrease in the alimony amount enhanced the father's ability to pay, there was no evidence showing the needs of the child required an increase in child support.
Child support is to be set in accordance with the needs of the child and the ability of the parents to meet those needs. La.C.C. Arts. 227, 231; Ducote v. Ducote, 339 So.2d 835 (La.1976). In the instant case, the court recognized there were insufficient funds to meet the needs of the child and the mother. Hence, he reduced the combined payment to meet the needs of both. When the alimony payment was decreased, the father's ability to pay was increased. Therefore, the trial judge increased the child support payments to fill the previously unfilled needs of the child. We cannot say in doing so he abused his discretion, nor can we say he was clearly wrong in setting the child support payment at $850.00 per month, considering the child's needs and the ability of the father to pay. Trial judges have a wide discretion in setting *546 alimony and child support payments and his award will not be disturbed unless there is a clear abuse of his discretion. Bettencourtt v. Bettencourtt, 407 So.2d 804 (La.App. 4th Cir.1981).
Accordingly, the judgment of the trial court is affirmed. Each party to pay his own cost.
AFFIRMED.