442 So.2d 887 (1983)
Kimberly Irene BYRD, Plaintiff-Appellant,
v.
Louis GUILBEAUX, Jr., Defendant-Appellee.
No. 83-295.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
Rehearing Denied January 13, 1984.
*888 Alfred F. Boustany, II, Lafayette, for plaintiff-appellant.
William H. Lambert, Lafayette, for defendant-appellee.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
YELVERTON, Judge.
Kimberly Byrd appeals a judgment rejecting her demand against her former husband for an increase in child support from $175 a month to $275 a month. We affirm.
She was granted a divorce from Louis Guilbeaux, Jr. She was found free from fault but has not sought alimony after divorce. Prior to the divorce she was awarded $100 a month alimony pendente lite and $175 a month child support for the one child of the marriage. At the time of the divorce she was granted custody and child support was again fixed at $175 a month. This judgment was signed January 7, 1983.
A few days later Mrs. Byrd filed a rule to increase child support. The rule alleged a change in circumstances. The change was asserted to be that child support had been fixed on the basis that Guilbeaux was unemployed, but that he had since become employed and the payments should therefore be increased. After hearing this rule the trial court on March 2, 1983, denied the increase stating that when he had earlier fixed child support at $175 a month he did not base the award on Guilbeaux's unemployed status because he knew the unemployment was only temporary.
On appeal, Mrs. Byrd takes a different approach, arguing that if a spouse's obligation to pay alimony is terminated, his ability to pay child support is commensurately increased and therefore an increase in child support is required. To support this argument appellant relies on language from Long v. Long, 347 So.2d 513 (La.App. 2nd Cir.1977). That decision affirmed an increase in child support which had been based in part upon an increase in the husband's ability to pay resulting from his being relieved from the obligation to pay alimony pendente lite after the divorce. The language relied upon by appellant from that case is as follows:

*889 "By virtue of the divorce judgment, plaintiff is relieved of the obligation to pay alimony pendente lite. His ability to pay child support is increased and an increase is justified."
The court in Long was affirming a judgment, not fashioning a new rule of law. The Long court did not say that the increase was mandated, but "justified." Furthermore, it is apparent from reading the case that relief from the alimony obligation was only one of several circumstances which the court believed justified the increase. In that case there were three children ranging in age from two to ten. The mother's ability to contribute to the support of the children had changed for the worse, and the assessment of the father's ability to pay was influenced to some extent by the fact that he was making enough money to make investments in land purchases.
In the instant case we are being asked to take the quoted language out of Long and apply it as an inflexible rule, mandating that whatever benefit the paying spouse receives as a result of the termination of alimony is automatically added to the obligation of child support. The Long court neither said nor intended such a result. Any change in financial circumstances can be considered, whether the increase in a paying spouse's ability to pay comes from cessation of the alimony obligation or any other source. That does not mean, however, that a change in ability to pay automatically translates into a comparable change in the obligation to pay, for the needs of the children must also be considered.
The trial court in the present case made a considered determination after a hearing that child support should be $175 per month. The child was one year old and had no unusual financial needs. After the issue was tried anew on the rule to increase, the trial judge was still of the opinion that the same amount was correct considering the ability of the husband to pay and the needs of the child. Thus, the question of child support was fully and patiently heard on two separate occasions close together in time.
A trial court's determination of questions of child support are accorded great weight on appeal and will not be disturbed in the absence of an abuse of discretion. We find no abuse of discretion in this record.
For the reasons assigned, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.