463 So.2d 37 (1985)
Patricia Portier, Wife of Stephen Howard GROS
v.
Stephen Howard GROS.
No. 84-CA-222.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 1985.
Writ Denied February 15, 1985.
*38 Constant G. Marquer, Jr., New Orleans, for defendant-appellant.
Ross P. La Dart, Gretna, for plaintiff-appellee.
Before CURRAULT, GAUDIN and DUFRESNE, JJ.
CURRAULT, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court, Division "L", Parish of Jefferson, wherein the Honorable Lionel R. Collins denied the father's rule to reduce child support payments. We affirm. Stephen Howard Gros, by prior judgment, was ordered to pay child support in the amount of Five Hundred Dollars ($500) per month. This support order was based upon Mr. Gros's income of Four Thousand, Eighty-Seven Dollars ($4,087) (Net income; $3,267) per month.
On May 23, 1983, Mr. Gros filed a motion to reduce his child support obligation to Two Hundred Fifty Dollars ($250) per month. This motion was based upon Gros's present gross income of Seven Hundred Forty-One Dollars and Eighty Cents ($741.80) (Net income; $582.76) per month. A hearing on this motion was held June 17, 1983 with the motion denied from the bench.
Mr. Gros has appealed alleging abuse of discretion on the part of the trial judge in that there was a significant change of circumstances (mover's ability to pay), and that parents have a mutual obligation of the support of their children.
Appellant bases his appeal upon his reduced income, asserting such income to be insufficient to meet his current child support obligation. At the time the support order complained of was decreed, appellant had a gross income in excess of Four Thousand Dollars ($4,000) per month. However, at the time his rule to reduce was brought, his gross monthly income was Seven Hundred Forty-One Dollars and Eighty Cents ($741.80). Appellant claims this reduction was brought about by hard economic times. Appellee, countering at trial and on appeal, alleges that appellant voluntarily quit his job and allowed his truck to be repossessed in an attempt to avoid paying his child support obligation.
Appellant had been employed by Packard Truck Lines as a driver with his own tractor-trailer making in excess of Four Thousand Dollars monthly gross. Appellant testified though that it was Packard who had discharged him.
Appellant also testified upon cross-examination that he was later able to secure employment with Brown Transportation where he earned One Thousand, One Hundred Dollars ($1,100) gross for five days of actual work (on one trucking run). He further testified that after making this run he decided his employment with Brown Transportation was not cost efficient so he "... shut it down, I quit the company." *39 Appellant's truck then sat idle at a nearby shopping center for two months before finally being repossessed. Appellant remained unemployed for those two months until finally securing a job with his present employer, Nicholson and Loup, where he is employed as a stock clerk with a monthly gross income of Seven Hundred, Forty-One Dollars and Eighty Cents ($741.80).
In addressing the issue of voluntary dismissal of employment which results in a change of financial conditions affecting one's ability to pay alimony and child support, it is well established that a paying spouse may not avoid such obligations by simply quitting work. McKenna v. Steen, 422 So.2d 615 (La.App.3d Cir.1982); Mosley v. Mosley, 348 So.2d 225 (La.App.3d Cir. 1977); Rakosky v. Rakosky, 275 So.2d 421 (La.App. 4th Cir.1973); Viser v. Viser, 179 So.2d 673 (La.App.2d Cir.1965).
If we were only concerned with appellant's present income and his ability to pay his child support, we might be inclined to agree with appellant. However, when considering this matter in toto, we are not moved by appellant's arguments.
It is quite apparent from the record that the appellant is of a contemptible nature. From just a cursory review of the record, we find ample evidence establishing appellant's unwillingness to cooperate with the court in the support of his minor children, to wit:
(1) the trial court has found appellant to be in contempt of its order for failure to pay on at least three occasions; judgments dated October 12, 1982; April 12, 1983, and March 9, 1984;
(2) at the outset of the hearing sub judice, the trial judge verbally reprimanded appellant for his willful and deliberate attempts to undermine the court's authority by sending his support payments in the name of his children which was a direct contravention of previous court orders; and
(3) appellant testified he told his sister, with whom he lived, that if anyone came to serve papers on him to tell them he was no longer there.
The record in the case before us reveals that although appellant was able to secure employment which apparently paid well, he chose instead to quit. We do not believe appellant's decision to quit work was made in good faith, but was instead a deliberate attempt on his part to voluntarily lower his economic status so that he would be able to reduce his child support payments.
Trial judges have wide discretion when setting alimony and child support payments and such awards will not be disturbed unless there is a clear showing of abuse of discretion. Danforth v. Danforth, 422 So.2d 544 (La.App. 5th Cir.1982). When considering the record in its entirety, the inescapable conclusion is that there was no abuse of discretion on the part of the trial judge in denying appellant's rule to reduce.
Accordingly, for the above foregoing reasons, the judgment appealed is hereby affirmed at appellant's cost.
AFFIRMED.