470 So.2d 314 (1985)
Donna Price, Wife of Thomas A. DOMINICK
v.
Thomas A. DOMINICK.
No. 84-CA-676.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 1985.
*315 Gwendolyn F. Thompson, Tobias, LeBlanc, Thompson & Waldrup, New Orleans, for defendant-appellant.
J. Stuart Douglass, Metairie, John J. Fenerty, III, New Orleans, for plaintiff-appellee.
Before KLIEBERT, GAUDIN and GRISBAUM, JJ.
KLIEBERT, Judge.
This is an appeal by Thomas A. Dominick, the husband, from a judgment relative to custody, visitation and child support in favor of Donna Price Dominick, the wife, rendered on October 8, 1984 in a marital dispute which initially commenced in the fall of 1981.
The judgment was rendered after a joint hearing on the following motions: (1) by the father for joint custody of the only child of the marriage, a six year old male, (2) by the wife to increase child support, (3) by the father to decrease child support, (4) by the wife to make executory and hold the husband in contempt for failure to pay interest payments on a mortgage held by a third party on the community house, and (5) by the husband to hold the mother in contempt for failure to comply with the court-ordered visitation rights of the father while the child was in her custody. The trial judge refused to change the custody of the child but made changes in the father's visitation rights, left the support amount the same as that ordered in the previous support judgment, made executory a judgment for past due interest of $1,888.00 and dismissed the contempt charges against the wife. We modify the visitation rights and remand the case for the trial judge to reduce the amount of the delinquent interest payments made executory in favor of the wife in accordance with the views hereafter expressed. In all other respects, the judgment is affirmed.

CUSTODY AND VISITATION
Early in the marital dispute and prior to the enactment of Civil Code Article 146, under an agreement of the parties, the custody of the then three year old male child was granted to the mother with visitation on alternate weekends and alternate specified holidays with the father. This was maintained until July 18, 1984 when visitation with the father was extended to include a six week period during the summer.
The husband's plan for joint custody suggested custody with the father during the summer months and custody with the mother during the school year with specific visitation rights for each parent while the *316 child was in custody of the other parent. On appeal, the husband contends the trial court erred in failing to grant joint custody pursuant to his plan as is required by Article 146 of the Civil Code.
As stated by the husband, Article 146 does create a presumption that joint custody is to the better interest of the child and therefore joint custody should be the court's first preference in making a custody award. Further, the article does apply to petitions for change of custody filed after the effective date of the act even though there was a prior custody order to a single parent. Duhe v. Duhe, 451 So.2d 1198 (5th Cir.1984). However, the presumption so created is a rebuttal one and therefore not a mandate to automatically award joint custody upon request of either party for same.
The Supreme Court, while discussing the presumption in Turner v. Turner, 455 So.2d 1374 (La.1984), said:
"This presumption has caused some confusion. Some lower courts seem to believe that the article requires granting joint custody. Such is not the case; the article clearly provides that there is only a presumption in favor of joint custody, and that it may be rebutted upon a proper showing that a different arrangement is in the child's best interest. Such a showing now must include a consideration of eleven specific, enumerated factors, plus any `other factor' which the trial court deems to be relevant. C.C. 146(C)(2)(a)-(1). Article 146 provides further that `the burden of proof that joint custody would not be in the child's best interest shall be on the parent requesting sole custody.' C.C. 146(A)(2). This provision does not create any extraordinary burden on the party requesting sole custody.
* * * * * *
The article 146 presumption only compels the judge to award joint custody in those cases where other things are equal; or where there is insufficient evidence to rebut the presumption; or whenever neither parent alone would be able to manage a sole custody arrangement, and where it cannot be shown that it would be detrimental to the child to remain in parental custody. Effectively, the presumption only provides the judge with a first choice, which choice must be rejected in the face of evidence which tends to disprove the conclusion. In such a case, it becomes necessary for the other party to reestablish the propriety of the presumption's conclusion.
There is but one element upon which the trial court cannot base its decision. Article 146(A)(2) expressly forbids the judge from `prefer[ring] a parent as the custodian because of that parent's sex.'"
In the instant case both parents had remarried. The husband was living with his second wife in an apartment in the Metairie area. The only other occupant of the home was a baby daughter born of the father's second marriage. The wife and her second husband, along with the two teenage daughters of the wife's second husband, were residing in an apartment in the Luling area.
The court ordered and obtained home study reports from the Department of Health and Human Resources. In essence, the reports indicated both homes had a good family environment which could provide the child a comfortable, loving and stable home. The trial judge concluded that both the mother and father were loving parents with each being capable and desiring to care and provide for the child and to have the child reside with them.
However, considering the record of the marital dispute, the trial judge found the parties were unable to get along and that a joint custody arrangement at this time would only serve to generate future problems. As in Turner, supra, the record before us shows that the parties were unable to resolve any problems outside of court. Joint custody requires cooperation between the parents to promote the better interest of the child. Since the child has resided with the mother throughout the pendency of this protracted procedure and *317 the parties now reside in different communities, we cannot say the trial court abused its discretion in finding that joint custody at this time was not in the best interest of the child. Duhe v. Duhe, supra; Plemer v. Plemer, 436 So.2d 1348 (La.App. 4th Cir. 1983).
Appellee also contends that the trial court erred in reducing his summer visitation rights with the child from six weeks to three weeks in August.
The trial court reduced the father's summer visitation rights because of prospective swimming activities of the child as a member of a local swimming team. We cannot say the trial court erred in finding that the best interest of the child included participation in these swimming activities. However, we note that some of these swimming activities may be conducted in the Metairie area as well as in the Luling area. Further, the father has testified that he is in agreement with the swimming program and he could and would make arrangements to bring the child to swimming practice and meets whenever necessary during the time the child resided with him. Further, the record shows that the visitation rights exercised by the father the previous year had worked without any difficulty. Since the child can participate in the swimming program in Luling and also have the companionship of his father, we believe the trial judge erred in failing to maintain the father's six week visitation rights during the summer. Accordingly, the trial judge's order for the father's summer rights is amended to provide that the father's summer visitation rights shall be six weeks rather than three weeks and unless jointly agreed to otherwise by the parents shall be exercised during the last three weeks of July and the first three weeks of August of each year, which for the current year would be from July 14, 1985 through August 24, 1985.
The husband also sought to have greater visitation with the child during the time the child was out of school for the Christmas Holidays. During the course of oral arguments, the attorneys for each parent agreed a division of the child's Christmas vacation time between the parents would not be objectional. Accordingly, while maintaining the alternate visitation rights of the father between Christmas Eve and Christmas Day presently set by the trial court's judgment, we amend said judgment to provide that the father shall also have visitation rights with the child for one-half of the child's vacation from school during the Christmas Holidays and to the extent possible exercisable in the first portion of the vacation period in the year in which the father has visitation rights on Christmas Eve and in the second portion of the vacation period in the year in which the father has visitation rights on Christmas Day.
All other terms of the visitation rights decreed by the trial judge are to remain the same except that the alternate weekend visitation will not apply during the summer vacation from school.

CHILD SUPPORT
Pursuant to a consent agreement of the parties, the court originally ordered the father to pay $250.00 per month plus medical bills not covered by his hospitalization insurance as child support. This was to increase to $350.00 per month when the community home, then being occupied by the mother and child, was disposed of. By setting the support amount at $350.00 per month, commencing on November 7, 1984, the trial judge, in essence, maintained the previously agreed upon support award. Although the husband suggested a reduction in the support amount during the time the child visited with him, the trial judge rejected the suggestion.
In 1981 and 1982 the father had a gross income of $27,000.00 and $32,000.00. However, due to an injury to his arm, he was unable to work in the latter part of 1983, hence, his income for the year decreased approximately $20,000.00 while, according to the father, his debts increased. The increase in debts referred to by the father was primarily for delinquency in payment of support and/or interest payments on the community house during the time of his *318 disability and unemployment. However, at least one-half of this was or will be recouped from the division of the residue on the sale of the community house.
Although the husband contends his income for the year 1984 had decreased because of the lack of available work, he failed to show the extent to which his 1984 income decreased from the former years. Rather, it appears that at least up to the time of the hearing in 1984 the father's income was comparable to that earned prior to his injury in 1983. At the time, the mother's income was $262.00 per week or approximately $12,000.00 per year.
The trial judge's decision on the support amount should not be disturbed unless it is an abuse of his wide discretion. Danforth v. Danforth, 422 So.2d 544 (La. App. 5th Cir.1982); Dufrene v. Dufrene, 430 So.2d 759 (5th Cir.1983). Considering the record in this case, we cannot say the trial judge abused his wide discretion in setting the amount of the support award or in refusing to reduce it during the time the child visits with his father. Further, we agree with the trial judge that under the facts of this case $350.00 is a reasonable child support award. Accordingly, we affirm the support award set by the trial judge.

INTEREST PAYMENTS
By agreement of the parties, reflected in a consent judgment dated January 3, 1983, the husband was ordered to pay child support in the sum of $250.00 per month and additionally was ordered to pay "the monthly interest due on the [mortgage secured by] community house [then being occupied by the unremarried mother and the only child of the marriage] at the rate of $236.00 until the community home is partitioned." Following partition, the husband "will pay the sum of $350.00 per month child support." Thereafter, on March 1, 1984, the court rendered judgment in favor of the wife and against the husband in the amount of $4,195.60 of which $2,832.00 was for the interest the husband failed to pay as required by the judgment of January 3, 1983.
The judgment of October 8, 1984, which is the one now on appeal, made executory an additional $1,888.00 for delinquent interest payments from February 1, 1984 through October 1984. On appeal the husband contends the judgment in favor of the wife for delinquent interest after March 1983 was error because the mortgage holder refused to accept payments on the mortgage after that date.
From the wording of the January 3, 1983 judgment and the testimony of the parties in the record before us, it is apparent the agreement incorporated into the consent judgment of January 3, 1983 was for the husband to bear the financial burden of the interest payments, due to the mortgage holder, pending a disposition of the community house. In return for these payments he received a credit of $100.00 per month on the support payments because the wife and child were occupying the house rent free.
By starting the $350.00 per month support payments as of November 7, 1984, the trial judge gave the husband credit on the support payments as though the interest payments had been made through November 7, 1984. However, since the wife did not pay the interest to the mortgage holder and the house has been sold, it is more than likely the delinquent interest was paid to the mortgage holder by the sheriff and deducted from the sales proceeds. If so, making delinquent interest payments executory in favor of the wife without giving to the husband credit for his share of the interest payments deducted from the sales proceeds would be error for under the judgment of January 3, 1983, he was only obligated to pay the interest once. Nevertheless, since the judgment of March 1, 1984 is not on appeal, we are not at liberty to alter it.
Therefore, to the extent the delinquent interest payments owed to the mortgage holder by the husband were paid by the sheriff from the husband's share of the *319 sales proceeds, but not exceeding the sum of $1,888.00, the amount of the delinquent interest made executory in favor of the wife in the October 8, 1984 judgment should be reduced.
Although the record indicates the mortgage holder's foreclosure action against the litigants may have been consolidated with and/or made part of this record, it was not submitted to us. Accordingly, we will remand the case to the trial court to compute the amount by which the judgment of $1,888.00 in favor of the wife has to be reduced to be consistent with the views here expressed.

CONTEMPT MOTION
Although the appeal included the motions for contempt, neither party seriously urged any change in the trial judge's conclusion not to assess a penalty against either party, hence, we affirm his ruling.

CONCLUSION
The trial court judgment of October 8, 1984 is amended so as to provide that the father's alternate weekend visitation rights shall not apply during the summer vacation from school and the father's summer visitation rights shall be for six weeks rather than three weeks, and unless otherwise jointly agreed to by the parents, shall be exercised by the father during the last three weeks of July and the first three weeks of August of each year, which for the current year would be from July 14, 1985 through August 24, 1985. Further, while maintaining the alternate visitation rights of the father on Christmas Eve and Christmas Day presently set by the trial court's judgment, we amend said judgment to provide that the father shall have the visitation rights with the child for one-half of the child's vacation from school during the Christmas Holidays and to the extent possible exercisible in the first portion of the vacation period for the year in which the father has visitation rights on Christmas Eve and in the second portion of the vacation period for the year in which the father has the visitation rights on Christmas Day. All other visitation rights decreed by the trial court are to remain the same as that provided for by the October 8, 1984 judgment. Further, the case is remanded to the trial court with instructions to compute the amount of delinquent interest paid to the mortgage holder by the sheriff from the husband's share of the proceeds of the judicial sale of the community house and to reduce the judgment in the amount of $1,888.00 for delinquent interest in favor of the wife by that amount. In all other respects the judgment of the trial court is affirmed.
AMENDED IN PART; AFFIRMED IN PART AND REMANDED.