514 So.2d 225 (1987)
Rufus P. CRESSEND
v.
Joy C. CRESSEND.
No. 87-CA-235.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1987.
Gregory Grimillion, Windhorst, Pastorek & Gaudry, Gretna, for plaintiff-appellee.
Edward P. Lobman, Lobman & Carnahan, Metairie, for defendant-appellant.
Before KLIEBERT, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
The plaintiff in this suit for divorce appeals the judgment of the trial court insofar as it awards his former wife alimony after divorce in the sum of $925.00 per month and child support in the amount of $2,400.00 monthly.
Rufus Cressend and Joy Cressend were married on August 1, 1970, and of this marriage three children were born; namely, Carol, Rufus Jr. and John. Joy Cressend obtained a separation from bed and board on the ground of abandonment and was found free from fault by a judgment rendered on October 28, 1985. This judgment awarded custody of the children to the mother and ordered the father to pay $2,400.00 per month in child support and awarded alimony pendente lite in the amount of $1,000.00 monthly. On May 6, 1986, Rufus Cressend filed the instant suit seeking a divorce pursuant to LSA-R.S. 9:302 (i.e., living separate and apart without *226 reconciliation for 6 months from the date of the judicial separation).
In a supplemental petition for divorce, he requested a reduction in child support to a reasonable amount.
By judgment dated December 4, 1986, plaintiff was granted a divorce. In this divorce decree the trial court awarded permanent custody of the minor children to the defendant-mother, as well as establishing the level of alimony after divorce at $925.00 per month and maintaining the child support at $2,400.00 monthly. Further, the judgment provides that Mrs. Cressend was responsible to pay the house note, including the first, second and third mortgages on the family home, on a monthly basis out of the support monies paid to her by Mr. Cressend. The plaintiff, Rufus Cressend, has appealed. We affirm.
Plaintiff's principal arguments on appeal are that the trial court erred in refusing or failing to consider defendant's earning capacity as a factor when determining alimony and failing to recognize plaintiff's "dramatic decrease in income" as a criterion to support a reduction in alimony and child support.
Alimony after divorce is determined by applying LSA-C.C. art. 160 to the evidence presented. Article 160 of our Civil Code authorizes alimony after divorce "when a spouse has not been at fault and has not sufficient means for support". Article 160 then limits the award of alimony to a spouse who has been without fault, to one-third of the former spouse's income. To be entitled to alimony after divorce under Article 160, the petitioning spouse must establish that she has insufficient means to support or maintain oneself. Frederic v. Frederic, 302 So.2d 903 (La.1974). The courts examine various factors, but the principal factor to be considered is the relative financial positions of the parties Boisfontaine v. Boisfontaine, 357 So.2d 90 (La. App. 4th Cir.1978).
Article 160 sets out certain factors that the trial court shall consider when determining the entitlement and amount of alimony, to wit:
"the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse's earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; and any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances." (emphasis added)
Mrs. Cressend testified that she is currently enrolled in a full time curriculum at the University of New Orleans, taking 12 hours a semester, having classes scheduled Monday, Wednesday and Friday from 10:00 A.M. to 3:00 P.M.
She returned to college to complete her college degree after having accrued 32 hours of credit from U.S.L. during the early part of her marriage. Mrs. Cressend testified that she has not sought employment since her husband abandoned the domicile as she has responsibility of the three children, ages 13, 11, and 4. She further testified that she is unable to work because she constantly car-pools the children everywhere to attend their various activities, including school, sport practices and games, piano lessons and other functions.
Though it may be true that Mrs. Cressend has no physical or mental incapacities that would keep her from working, the evidence is clear from the record as set forth hereinabove that Mrs. Cressend is incapable of securing a job since the separation. She has overwhelming duties of being a full time mother of three and furthermore is working towards her college degree. The daily running back and forth to school as well as car-pooling and transporting the children to their daily activities consumes a large portion of her available employment time.
We are concerned with the welfare of the children and find that the best interest of the minor children is served by having their *227 mother attend to their needs. The mother of small children is justified in remaining home to care for them and her failure to acquire employment will not deprive her of alimony under Article 160.
Relative to the issue of the amount of alimony and child support payments, we hold the trial judges have wide discretion when setting same and such awards will not be disturbed unless there is a clear showing of abuse of discretion. Gros v. Gros, 463 So.2d 37 (La.App. 5th Cir.1985) and Danforth v. Danforth, 422 So.2d 544 (La.App. 5th Cir.1982).
However, we also recognize that any award of alimony and child support can always be vacated or modified when there is a change in circumstances Hegre v. Hegre, 483 So.2d 920 (La.1986). We have gleaned from the record that Mr. Cressend's financial position is strong, that his income and earning capacity are substantial. He personally drives a 1981 Mercedes and in November 1985, purchased a 1978 Rolls Royce, on which he has spent approximately $7,000 for repairs. He indicated that since January 1986, he had spent over $3,500 at the Metairie Country Club for dues and bonds. His fees from his CPA practice for the first nine months of 1986 amounted to over $148,000. Although he did testify that he has lost approximately forty clients during 1986, he began referring out all of his audit work so he could keep up with his tax practice.
Mr. Cressend continues to enjoy a comfortable lifestyle; whereas his former wife's present standard of living is comparatively modest.
When considering the record we conclude that there was no abuse of discretion on the part of the trial judge in awarding alimony and child support.
Accordingly, for the above reasons, the judgment appealed from is affirmed.
AFFIRMED.