KLIEBERT, Judge.
This is an appeal by Dr. Joseph Solomito from a judgment ordering him to pay permanent alimony in the amount of one thousand three hundred ($1,300) dollars per month to his former wife, Joan Hawrylak Solomito. On appeal Dr. Solomito contends: (1) the purpose of permanent alimony is to provide only life’s basic necessities and (2) his former wife has the earning capacity to obtain these basic necessities; hence, the trial court abused its wide discretion in awarding permanent alimony. For the reasons assigned we affirm the judgment of the trial court.
Dr. and Mrs. Solomito were married in New York on December 29, 1973. Mrs. Solomito sued for divorce on September 3, 1986 on grounds of adultery. On Mrs. Solomito’s petition the district court granted the divorce and awarded her permanent alimony in the amount of $1,300.00 per month.[1]
Permanent alimony is a pension, the awarding of which is governed by the provisions of Civil Code Article 160. Teasdel v. Teasdel, 493 So.2d 1165 (La.1986). Section A(2) of Article 160 sets forth the considerations and guidelines upon which to base the entitlement and amount of permanent alimony as follows:
“(a) The income, means, and assets of the spouses;
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(d) The effect of custody of children of the marriage upon the spouse’s earning capacity;
(e) The time necessary for the recipient to acquire appropriate education, training, or employment;
(f) The health and age of the parties and their obligations to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.
(3) In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.”
In awarding permanent alimony, it is necessary for the court to examine the totality of the circumstances indicative of both parties’ financial condition. Gottsegen v. Gottsegen, 503 So.2d 588 (4th Cir.1987) writ denied 503 So.2d 1019 (La.1987). One of the principal factors to consider is the relative financial position of the parties. Cressend v. Cressend, 514 So.2d 225 (5th Cir.1987).
The evidence shows Dr. Solomito is a successful cardiovascular surgeon who earned taxable income of $90,000.00— $230,000.00 in 1984 and 1985. In 1986 he opted to commence a private solo practice in affiliation with the newly opened St. Jude Hospital. At the time of the permanent alimony hearings he had a gross monthly salary of $4,166.00, which netted out to $2,592.15. He expected a salary increase of 10% and admitted he would participate in a profit sharing plan. The record does not reveal the anticipated amount of profit.
Mrs. Solomito worked sporadically during the marriage. Her last employment *1344 was as a billing/collection clerk earning $300.00 a week until the company went out of business. She has a fine arts degree and is currently enrolled in business courses at the University of New Orleans. Her basic desire is to improve her marketable skills and ultimately enter law school. For that reason she has not sought employment. Since the separation she has subsisted on alimony pendente lite and loans from her parents.
Thus, the record reveals overwhelming disparity in the parties’ financial conditions, past and future. While current earning capacity is a factor to consider in awarding permanent alimony, it is not the exclusive factor. Further, Mrs. Solomito should not be required to take immediate employment of any nature, particularly during the time necessary for her to acquire an appropriate education. Ware v. Ware, 461 So.2d 467 (5th Cir.1984). Moreover, the lifestyle of the parties during their marriage is also relevant in setting the amount of her award. Taylor v. Taylor, 473, So.2d 867 (4th Cir.1985) writ denied 477 So.2d 1126 (La.1985). Obviously, the amount awarded here will not permit a lifestyle equal to that enjoyed in the latter stages of the marriage.
It is well established that the trial court has great discretion in making alimony determinations, and its rulings will not be disturbed absent a manifest abuse of discretion. Cressend v. Cressend, supra; Gros v. Gros, 463 So.2d 37 (5th Cir.1985) writ denied 464 So.2d 303 (La.1985). The trial court clearly struck a balance between the competing interests and left the door open for future changes. Under the circumstances, we discern no abuse of discretion.
Accordingly, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. On a previous appeal we reduced the alimony pendente lite award from $6,276.00 per month to $2,700.00 per month. See Joan Hawrylak Solomito v. Joseph Anthony Solomito, M.D., No. 87-CA-127.