GOTHARD, Judge.
This appeal is from a judgment denying a father’s motion to reduce child support.
Joseph A. Kieffer, Sr. and Iris Rome Kieffer were divorced in 1984 after twenty-nine years of marriage. The judgment was granted on the basis of the couple’s having lived separate and apart since 1980; the wife was found to be free from fault and entitled to permanent alimony. Child support for the remaining minor child and alimony were to be continued in accordance with a 1980 judgment. On April 29, 1985 judgment was rendered increasing alimony to $175 and child support to $300.
In June, 1988 the husband moved to decrease alimony and child support because “circumstances have changed ... which make this program of support untenable, including but not limited to dissolution of the community, the current unemployment of Joseph A. Kieffer, Sr., and the increased resources of Iris Rome Kieffer....” Kief-fer prayed for termination of alimony and suspension or reduction of child support and alimony payments. Mrs. Kieffer responded with a rule for contempt, alleging arrearages of alimony and child support. The rules were heard and adjudged on November 16, 1988. The court denied Kief-fer’s rule to reduce and granted Mrs. Kief-fer’s rule for contempt, ordering Kieffer to pay $3,800, plus $250 attorney’s fees, plus court costs.
The action complained of is the court’s refusal to admit testimony regarding the child’s expenses. The amount of $120 represents expenses allotted to the child on a financial statement signed by Mrs. Kieffer and filed into the record as a proffer, with the court’s permission. However, a portion of Mrs. Kieffer’s monthly expenses of $675.00, incorrectly totalled on the statement should be allocated to the minor. Mrs. Kieffer lists alimony and child support, $475.00, as her only income.
The applicable statutes are: LSA-C.C. art. 227, which provides that both parents are obligated to support, maintain, and educate their children; and LSA-R.S. 9:311(A), which provides that:
An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
The party seeking modification of an award bears the burden of proving á change of circumstances since the previous judgment fixing support. Duhe v. Duhe, 466 So.2d 595 (La.App. 5th Cir.1985).
The error alleged by the appellant occurred early in counsel’s examination of Mrs. Kieffer. The court stopped the questioning when counsel inquired about the minor child’s schooling, stating that Kief-fer had not alleged “that” in his rule, presumably a change in the child’s need for support. Counsel agreed that “it” was not in his rule. Our examination of the motion, quoted above, indicates a reference only to “the increased resources of Iris Rome Kief-fer.”
*968 Counsel argued at trial that a change of circumstances had occurred, in that the 1985 award of support provided for three children but now only one minor child was living at home. The mother testified that three children were covered by the 1985 award, apparently confusing it with the first award in 1980. The judge accepted the mother’s statement and counsel’s argument as fact but ruled that $300.00 per month “is almost inadequate for one child.” The 1985 judgment ordered Kieffer to pay $300.00 per month “for the support of the remaining minor child of the marriage, Carol Lynn Kieffer.”
As Kieffer did allege an increase in Mrs. Kieffer’s income, he should have been allowed to pursue the matter at trial. Mrs. Kieffer did testify that she was not employed and the proffered financial statement includes no income other than alimony and child support. The appellant proffered no other documentary evidence of a change in Mrs. Kieffer’s resources. Accordingly, we find that the court’s refusal to hear testimony on her income is harmless error.
We agree with the trial judge’s finding that Kieffer’s failure to return to work was voluntary and not at the direction of a physician. Therefore, he is not relieved of his obligation of support. McManus v. McManus, 528 So.2d 1105 (La.App. 3rd Cir. 1988), writ denied 533 So.2d 23 (La.1988). The trial judge has wide discretion in matters of support and in the absence of abuse his decision should not be disturbed. Dominick v. Dominick, 470 So.2d 314 (La.App. 5th Cir.1985), writ denied 474 So.2d 948 (La.1985).
For the reasons assigned above, the judgment appealed from is affirmed.
AFFIRMED
BOWEN, J., concurs.